## J. D. WILLIS *v.* CRESTPARK OF WYNNE, INC. (Intermediate)

83-49                                                    652 S.W.2d 625

Supreme Court of Arkansas
Opinion delivered June 20, 1983

*Killough & Ford,* by: *Robert M. Ford,* for appellant.

*Rieves, Shelton & Mayton,* by: *Elton A. Rieves, IV,* for appellee.

GEORGE ROSE SMITH, Justice. In this slip-and-fall case the plaintiff Willis argues that the trial judge should not have directed a verdict for the defendant nursing home. We agree with the trial court. (Our jurisdiction includes tort cases. Rule 29 [1] [o].)

At about 9:45 a.m. Willis was about to visit Jim Sutherland, a patient in the nursing home. Willis testified that as he reached the foot of Sutherland's bed "my feet went everywhere." While he was still on the floor he heard an employee of the nursing home say, "I been telling them all the time that something like this was going to happen." The other relevant proof is that Sutherland had been spitting at night for several years and often missed the waste can near the head of his bed, that the floor had been cleaned with a wet

mop between 8:30 and 9:00 a.m., and that nothing was found on the floor when the cleaning employee checked the area not more than ten minutes after Willis fell.

Willis had the burden of proving that he slipped on a substance which either had been put there by the defendant's negligence or had been there so long that the defendant should have known of it and was negligent in not removing it. AMI Civil 2d, 1105 (1974). Willis failed to make a case for the jury. He did not even prove what substance, if any, caused his fall. He argues that it could have been Sutherland's sputum, though there is no proof that Sutherland ever spat either during the daytime or near the foot of his bed, or that it could have been moisture left by the mop at least 45 minutes earlier, through no one testified that the floor was other than dry when Willis fell. The plaintiff's proof fell decidedly short of proving that his fall was caused by the nursing home's negligence. The trial judge had no choice except to direct a verdict for the defendant.

Affirmed.