Robert BREWINGTON *v.*
ST. PAUL FIRE AND MARINE INSURANCE
COMPANY and L.T. GATES, M.D.

84-312                                    687 S.W.2d 838

Supreme Court of Arkansas
Opinion delivered April 15, 1985
[Rehearing denied May 20, 1985.]

*Fletcher Long, Jr., P.A.,* by: *Fletcher Long, Jr.,* for appellant.

*Rieves, Shelton & Mayton,* by: *Elton A. Rieves, III;* and *Friday, Eldredge & Clark,* by: *Laura A. Hensley,* for appellees.

JOHN I. PURTLE, Justice. This is an appeal from a summary judgment rendered by the trial court against the appellant on his complaint for damages allegedly resulting from medical malpractice by appellee L. T. Gates, M.D. The judgment was granted upon the submission of affidavits and a counteraffidavit. We agree with the appellant that summary judgment should not have been granted under the circumstances of this case.

The appellant was involved in an airplane crash on July 6, 1980. He did not consult a physician until July 13, 1980. On that date he went to the Crittenden Memorial Hospital in West Memphis, Arkansas, for the purpose of obtaining medical attention and treatment. Dr. L. T. Gates was the physician who examined the appellant and took a statement of appellant's medical history. Some family members were present at the time of this examination. Dr. Gates determined that appellant had been drinking alcohol and decided that he was drunk. In his affidavit in support of the motion for summary judgment, Dr. Gates stated that in this case he could not differentiate between symptoms related to appellant's head injury and symptoms related to alcohol. He recommended that appellant be admitted and observed. The family, according to Dr. Gates, prevailed upon him to transfer the appellant to another hospital. Appellant's affidavit states that Dr. Gates decided he was drunk and refused treatment for that reason. Appellant then entered Forrest Memorial Hospital where his problem was at least partially diagnosed. He was later sent by ambulance to the Veterans Hospital in Memphis, Tennessee. The Veterans Hospital diagnosed his problem as a subarachnoid hemorrhage and an anterior cerebral aneurysm. He subsequently underwent surgery as part of the treatment for his

injuries. A second affidavit in support of the motion for summary judgment was executed by Dr. McPhail. The appellant's affidavit also denied the truthfulness of the affidavits executed by Drs. Gates and McPhail.

Although appellant enumerates several points for reversal all of them essentially challenge the sufficiency of the affidavits or allege that appellant's affidavit was sufficient to overcome the affidavits in support of the motion for summary judgment.

The matter to be decided by this court is whether the appellees' affidavits entitled them to summary judgment in spite of the counteraffidavit submitted by the appellant. It is a well established rule of law that a summary judgment, being an extreme remedy, is only proper when the pleadings and proof show that no genuine issue of a material fact exists and the moving party is as a matter of law entitled to judgment. *Talley* v. *MFA Mutual Ins. Co.,* 273 Ark. 269, 620 S.W.2d 260 (1981). In medical malpractiace suits it is necessary in some cases to have expert medical testimony. In other cases it is not necessary because the results of the treatment, or failure to treat, are of such character as to warrant inferences of negligence from the testimony of laymen, or such knowledge that is within the experience of the jurors themselves. *Lanier* v. *Trammell,* 207 Ark. 372, 180 S.W.2d 818 (1944). It was the duty of the appellees to show that no genuine issue of fact could possibly be made without expert testimony. *Graham* v. *Sisco,* 248 Ark. 6, 449 S.W.2d 949 (1970). In *Lanier* we held that when the applicable standard of care is not a matter of common knowledge the jury must have the assistance of expert witnesses in coming to a conclusion of the issue of negligence.

Each affidavit on behalf of the appellees stated that medical and scientific matters relating to this case are not commonly known and must be proved by medical experts. Each affiant stated that he was a specialist in general medicine. Neither physician stated the nature and extent of appellant's complaints at the time he was examined by them. Neither affidavit contains any specifics of what would be a proper diagnostic procedure in cases such as this. The

affidavits also contained allegations generally denying that Dr. Gates was negligent. Conclusory allegations are insufficient to support the motion for summary judgment in this case. Neither physician made diagnostic findings or gave the standard of care, skill, and learning ordinarily used by physicians in such practice in West Memphis, Arkansas.

The appellant's affidavit is generally hearsay. Although other witnesses may have been able to execute an affidavit reciting these facts, as to the appellant they were hearsay. We disregard appellant's affidavit in reaching the decision in this case.

In summary judgment matters we look to ARCP Rule 56(e), which requires that proof offered to meet a properly supported motion for summary judgment must set forth specific facts showing that there is a genuine issue for trial. The facts stated in the affidavit must be admissible in evidence. Affidavits of general denial are insufficient to support a motion for summary judgment. *Stevens v. Barnard*, 512 F.2d 876 (10th Cir. 1975).

We are of the opinion that the affidavits by the two physicians in this case amount to general denials of negligence and are therefore not sufficient to sustain the motion for summary judgment.

Reversed.