SKAGGS COMPANIES, INC. *v.* Loraine WHITE

86-28                                          711 S.W.2d 819

Supreme Court of Arkansas
Opinion delivered July 7, 1986

*Wright, Lindsey & Jennings*, by: *Edwin L. Lowther*, for appellant.

*Gary Eubanks & Associates*, by: *William Gary Holt* and *James Gerard Schulze*, for appellee.

JOHN I. PURTLE, Justice. The appellee obtained a jury verdict for damages in the amount of $48,500.00 in a slip and fall case. This appeal is from the refusal of the trial judge to grant a directed verdict in favor of appellant at the close of the appellee's case and at the close of all the evidence. We agree with the appellant that the motion should have been granted.

Both sides agree on the law which controls this case. To establish liability on the part of the owner or operator of a store, the plaintiff must prove the presence of the substance on the floor resulted from the negligence of the owner, or that the owner knew, or reasonably should have known, of the presence of the substance on the floor and that he failed to use ordinary care to remove or

control it.

■ The appellee stepped into a clear gel-like substance which was only a few inches in circumference. The substance was located in a well-traveled aisle of the Skaggs Alpha Beta store located at 8415 West Markham Street in Little Rock, Arkansas. There was no color or odor to the substance which caused the appellee to slip and fall. There was no evidence offered, from any source, to indicate the length of time the substance had been on the floor or how it got there. No one saw it before the appellee fell. Skaggs offered testimony that an employee had walked down the aisle five minutes before the occurrence and did not observe the foreign matter. There was no evidence that the substance on the floor was part or parcel of anything sold by the appellant. In fact there is a complete absence of anything identifying the substance or indicating the length of time it had been on the floor. There is no presumption of negligence from the mere fact that a customer slips and falls while in the store. *Moore* v. *Willis*, 244 Ark. 614, 426 S.W.2d 372 (1968). The evidence in the present case is almost identical to that presented in *Jackson & Kroger Co.* v. *Hemphill*, 245 Ark. 699, 434 S.W.2d 818 (1968). In *Hemphill* we reversed the ruling of the trial court and held that the trial court erred in refusing to grant the directed verdict motion of Kroger at the close of all the evidence. See also, *Safeway Stores, Inc.* v. *Willmon*, 289 Ark. 14, 708 S.W.2d 623 (1986).

■ The fact that the appellee suffered severe injuries and sustained much expense is not evidence of negligence. Under the facts of this case, we have no choice but to reverse and dismiss.

Reversed and dismissed.