George and Cassandra McDONALD *v.* Gary L. EUBANKS

86-233 731 S.W.2d 769

Supreme Court of Arkansas
Opinion delivered June 29, 1987

*Art Dodrill*, for appellant.

*Barber, McCaskill, Amsler, Jones & Hale, P.A.*, for

appellee.

DARRELL HICKMAN, Justice. This is a legal malpractice case. George and Cassandra McDonald retained Gary Eubanks to represent them in a personal injury lawsuit which was tried in Saline County. In that action the jury returned a verdict for the defendant which meant that the McDonalds lost their case. Eubanks failed to file an appeal. The McDonalds filed suit against Eubanks for negligence in the way he handled their lawsuit. Eubanks moved for summary judgment. The motion was accompanied by an affidavit by Eubanks and two other lawyers who represented the other side in the personal injury lawsuit. The record also contained answers by Eubanks to interrogatories. The trial judge initially granted summary judgment on the basis that Eubanks had made a prima facie case for summary judgment and the McDonalds did not submit any counter evidence. Later, however, the judge set aside his order and ordered Eubanks to answer additional interrogatories. He also gave the McDonalds at least two weeks in which to respond to the motion with counter affidavits or evidence disputing that of the lawyers, who were considered experts. It was the position of the McDonalds that such affidavits were not necessary since the affidavits were conclusory in nature, there was other evidence in the record countering those affidavits, and Eubanks had not yet made a case for summary judgment. The trial judge indicated that expert testimony by a lawyer would be necessary to refute the affidavits submitted by Eubanks because the question was one that a jury could not decide without such expert testimony. In other words, how would a jury know if Eubanks' negligence caused the loss of the lawsuit, and how would the jury know that even if an appeal were taken there was a likelihood the McDonalds would win on appeal unless the McDonalds produced evidence from experts telling them that was the case.

The judge again granted summary judgment. He should have denied it.

 When considering a motion for summary judgment, the rule is that the movant has the burden of demonstrating there is no genuine issue of fact for trial. Affidavits supporting such a motion are to be construed against the movant. *Hughes Western World* v. *Westmoor Mfg.*, 269 Ark. 300, 601 S.W.2d 826 (1980).

The question to be resolved in a summary judgment is factual — are there any material facts in dispute? ARCP 56(e). Affidavits which are conclusory rather than factual are insufficient to support a motion for summary judgment. *Brewington* v. *St. Paul Fire & Marine Ins. Co.*, 285 Ark. 389, 687 S.W.2d 838 (1985). If a movant makes a prima facie case with his motion for summary judgment, with accompanying evidence, then the burden shifts to the other party, and that party must then come forward with proof to demonstrate that there is a genuine dispute on an issue of a material fact. *Givens* v. *Hixson*, 275 Ark. 370, 631 S.W.2d 263 (1982); *Cummings, Inc.* v. *Check Inn*, 271 Ark. 596, 609 S.W.2d 66 (1980).

The issue in this case was the negligence of Eubanks and whether his clients, the McDonalds, were damaged by it. Eubanks conceded he was negligent in not filing the appeal. He contends, however, that it makes no difference because the case could not have been won on appeal; there was no chance the case would be reversed. The McDonalds also alleged other acts of negligence by Eubanks in the preparation and trial of the lawsuit.

It is our judgment that Eubanks did not make a case for summary judgment. His affidavit and that of the two lawyers were almost entirely conclusory and were absent of facts which would counter the specific allegations by the McDonalds of negligence. The affidavits submitted by Eubanks in support of his motion for summary judgment said that the lawyers were familiar with the case and that Eubanks had at all times possessed and used the legal competence and skill possessed by lawyers in good standing in the legal profession. In their opinion Eubanks was diligent; and even if an appeal had been filed, the jury verdict would have been upheld.

McDonald swore in his affidavit that Eubanks told him that he would win on appeal and that McDonald's only recourse was to get a lawyer and sue him, Eubanks. The record also contained a conversation between McDonald and Eubanks after it was learned that Eubanks did not perfect an appeal. In that conversation Eubanks said:

> . . . I did it; I screwed up, and I did not do it through ignorance. I did it through stupidity . . . Now what are your options at this point. You have a lawyer that has

screwed up, who has a million dollars worth of insurance. Unfortunately, I, there is a probability that the other side will screw up. I don't think that there is very much possibility that they will . . . This is my fault and you know if you get a lawyer you don't have to worry about me taking the stand and saying it wasn't my fault . . . I mean you, you have what is almost an open and shut case. You search all over town to be sure that the lawyer that you're going to hire is the best lawyer in town for the job . . . Anyway it all is not lost, the jury doesn't like Gary Eubanks down there. They like Fred Swaim and I don't want to be sued.

When the rules for summary judgment are applied, we have essentially conclusory affidavits filed by Eubanks and the two lawyers. We have Eubanks' answers to interrogatories. We have the specific allegations of fact made by the McDonalds alleging negligence, the sworn affidavit by George McDonald, and Eubanks' conversation with him. The motion should have been denied.

Reversed and remanded.