J. M. MULLIGAN'S GRILLE, INC. *v.* Yana L. AULTMAN

89-134                                        780 S.W.2d 554

Supreme Court of Arkansas
Opinion delivered December 11, 1989
[Rehearing denied January 8, 1990.*]

*Turner, J., not participating.

*Huckaby, Munson, Rowlett and Tilley, P.A.*, by: *Beverly A. Rowlett*, for appellant.

*Gary Eubanks & Associates*, by: *James Gerard Schulze*, for appellee.

DARRELL HICKMAN, Justice. This is what is commonly known in legal circles as a slip and fall case. The appellee, Yana L. Aultman, went to Mulligan's Grille, owned by the appellant, to apply for a job as a waitress. The Grille had only been opened for about a month. After her interview, on her way out of the restaurant, she reached a place where a tile floor met a wooden stairway and slipped and fell. Her case was based solely on her testimony that the floor was slippery. She offered no proof that the materials used for the floor were defective or that there was a foreign substance on the floor. The trial judge refused to direct a verdict in favor of the appellant. He should have. The appellee failed to make a case, and therefore we reverse and dismiss.

We need not consider another issue raised, whether the testimony of two other witnesses was properly admitted. One was the testimony of a bartender that he had seen a busboy carrying a tray of water glasses slip or fall at about the same place. He could not say whether the busboy tripped or slipped. The other witness, a waitress, said she once slipped on another part of the floor. She said the floor "appeared slippery." She did not know why she slipped. Both incidents occurred after the appellee's fall.

The appellee said "the floor was very slippery, the coating was very slick, it was very noticeable. There was some kind of coating on the whole floor, the entire floor . . . it was like a plastic coating of some kind."

The appellee did not contend that there was a foreign

substance on the floor which caused her fall. Her theory of recovery was that the floor itself was so "inherently slippery" that even a person of ordinary care would be likely to slip on its surface.

The mere fact that a person slips and falls does not give rise to an inference of negligence. *Dye* v. *Wal-Mart Stores, Inc.,* 300 Ark. 197, 777 S.W.2d 861 (1989). Possible causes of a fall, as opposed to probable causes, do not constitute substantial evidence of negligence. *Safeway Stores, Inc.* v. *Willmon,* 289 Ark. 14, 708 S.W.2d 623 (1986). In virtually every case involving a fall, the plaintiff will describe a floor as slick or slippery. That is not enough to make a case for negligence. *Alterman Foods, Inc.* v. *Ligon,* 246 Ga. 620, 272 S.E.2d 327 (1980); *J. C. Penney Co.* v. *Hoover,* 414 P.2d 293 (Okla. 1966).

The appellee relies on the case of *National Credit* v. *Ritchey,* 252 Ark. 106, 477 S.W.2d 488 (1972). Ritchey slipped and fell on a terrazzo floor. He said the floor was slick as ice. He also said the manager of National Credit told him that they had recently changed the wax, and they knew it was too slick. The manager acknowledged it was likely that someone could be hurt. In our opinion, we quoted from *Nicola* v. *Pacific Gas and Electric Co.,* 50 Cal. App. 2d 612, 123 P.2d 529 (1942):

> 'If wax, or, as in the present case, both wax and soft soap, are applied to the floor, it must be in such manner as to afford reasonably safe conditions for the proprietor's invitees, and if such compounds cannot be used on a particular type of floor material without violation of the duty to exercise ordinary care for the safety of invitees, by reason of the dangerous conditions they create, they should not be used at all. Of course slipperiness is an elastic term. From the fact that a floor is slippery it does not necessarily result that it is dangerous to walk upon. It is the degree of slipperiness that determines whether the condition is reasonably safe. This is a question of fact.'

The appellee contends that we held that if one testifies a floor is slippery, it is sufficient to sustain a verdict in such a case. We neither said that nor held that.

In *Ritchey* there was evidence of use of wax and soapy water

on the floor, plus evidence that the floor had been buffed. There was no such evidence in this case. Douglas Needham, who had the janitorial contract for the Grille, testified that the floors were cleaned only with a wet or dry mop. No wax or coating was used on the floor. A coating that was originally put on the wood was a lacquer-type finish. In response to a question, he testified that it was possible that the floor would be a little more slick when brand new than when it was older. He also said that, while the floor may have appeared shiny, it does not mean it was slippery.

The appellant was under no duty to use a particular type of flooring, so long as the materials employed were reasonably safe for the purpose intended. *See* 62 Am. Jur. 2d *Premises Liability*, § 212; *Gibson* v. *Consolidated Credit Corp.*, 110 Ga. App. 170, 138 S.E.2d 77 (1964). No evidence was presented to show the materials used here—lacquer coated wood and tile—were improper. The appellant also has the right to clean and treat his floors with proper substances, so long as it is not negligently done. *J. C. Penney Co.* v. *Hoover, supra*. Again, the appellee failed to make a case.

Reversed and dismissed.