Stacey HOWARD *v.* George HICKS

90-166                                                    800 S.W.2d 706

Supreme Court of Arkansas
Opinion delivered December 17, 1990

*Christopher Carter*, for appellant.

*Roy E. Danuser* and *L. Gray Dellinger*, for appellee.

JACK HOLT, JR., Chief Justice. The appellant, Stacey Howard, brought this action as attorney in fact for his common-law wife, Deborah A. Knight. Howard seeks to recover damages

from the appellee, George Hicks, for the alleged trespass upon Ms. Knight's property to cut and remove hay.

The trial court granted Hicks's motion for directed verdict at the close of Howard's case on the basis that Howard had failed to properly prove each element of damage. Howard appeals alleging the trial court erred "in granting a summary judgment."

■ For the sake of clarity, we note first that this case involves a directed verdict and not a summary judgment. Accordingly, in *Johnson* v. *Arkla, Inc.,* 299 Ark. 399, 771 S.W.2d 782 (1989) (citing *Boykin* v. *Mr. Tidy Car Wash, Inc.,* 294 Ark. 182, 741 S.W.2d 270 (1987)), we stated that, in addressing the issue of whether a directed verdict should have been granted, we must view the evidence in the light most favorable to the party against whom the verdict is sought and give it the highest probative value, taking into account all reasonable inferences deducible from it. Where the evidence is such that fair-minded people might have different conclusions, then a jury question is presented, and the directed verdict should be reversed.

In this case, Howard presented testimony that Hicks had made five cuttings of hay during 1986-88 of approximately 700 bales of hay per cutting and that the value of a bale of hay was approximately $1.00. Howard asserted that Hicks had cut the hay on Ms. Knight's property without her permission and claimed resulting damages. Hicks, in his pleadings, defends on the basis of consent through Ms. Knight's step-father, the prior owner of the property, agency, and Ms. Knight's own acquiescence.

Hicks's motion for directed verdict was based on the premise that Howard had not presented any evidence as to Hicks's cost of production in cutting and baling the hay. The trial court agreed and granted the motion.

Liability and the measure of damages in this case, if any, depend upon a determination of whether Hicks was a trespasser and, if so, whether the trespass was willful or unintentional.

■ We need only say that by requiring Howard to prove the value less costs, the trial court assumed that there was a trespass and that the trespass was unintentional or in good faith. That was error because a jury could have concluded that there was no trespass at all or that the trespass was willful.

Reversed and remanded.