Janette SANDERS and Willie Sanders *v.* John BANKS, et al., d/b/a The Food Center

92-240                                              830 S.W.2d 861

Supreme Court of Arkansas
Opinion delivered May 18, 1992
[Rehearing denied June 22, 1992.]

*Wright, Chaney, Berry & Daniel, P.A.,* by: *Bryan L. Chesshir,* for appellant.

*Barber, McCaskill, Amsler, Jones & Hale, P.A.,* by: *R. Kenny McCulloch,* for appellee.

DAVID NEWBERN, Justice. This is a slip and fall case. Janette Sanders, one of the appellants, fell down in a store operated by the appellees, John Banks, Lee Banks, and Bob Banks, doing business as the Food Center. She alleged she slipped on a foreign substance on the floor. We are asked to review the Trial Court's granting of summary judgment in favor of the appellees to whom we refer collectively as "The Food Center." The summary judgment was properly entered as, given the test to be applied for negligence in slip and fall cases, there was no genuine issue of material fact remaining after the Trial Court

considered the matters properly submitted in behalf of and in opposition to the motion for summary judgment. Ark. R. Civ. P. 56(c).

Janette Sanders and her two children were shopping in the fourth aisle at The Food Center store. While looking at items on a shelf, Ms. Sanders slipped and fell. After the fall, she noticed a "brown, slimy substance" on the floor. She admitted in her deposition that she did not know what the substance was but believed it to have been tobacco juice. Ms. Sanders had no idea whether an employee of The Food Center was responsible for the substance being on the floor or how long the substance had been there prior to her fall. She did state the substance had "gelled," thus leading her to conclude it had been there a long time. The Sanderses' son stated in deposition testimony that he saw what looked like the same substance on aisle four floor two days after the accident occurred. The Sanderses subsequently filed suit against The Food Center, claiming the fall resulted in Janette Sanders suffering two broken arms, injured knees, and traumatic arthritis.

The Food Center moved for summary judgment and, in support of its motion, produced the affidavit of Jack Rydner, the store's assistant manager. Rydner said that to the best of his knowledge no employee of Food Center was aware of a foreign substance on aisle four the day of the accident. No employee had placed the substance on the floor or had been asked to remove it. In deposition testimony Rydner said his duties included constantly checking the floor for foreign objects. All employees were trained to watch for and pick up items on the floor. Two employees inspected the store each morning and evening. He also stated the store was "spot mopped" every night, and the entire store was mopped once a week, but there were now written procedures for cleaning or inspecting. Rydner admitted customers were allowed to chew tobacco inside the store, and that The Food Center provided no disposal facilities for tobacco chewing residue.

The Food Center also presented the affidavit of Allen Thorton, the store's assistant produce manager and area supervisor. His responsibilities included checking aisles one through six for items out of place. Thorton stated he had gone down aisle four

approximately ten to fifteen minutes before the accident occurred and saw no foreign substance on the floor. After learning Ms. Sanders had fallen, Thorton went to aisle four to see if he could help. He did not see a foreign substance on the floor at that time.

To grant a summary judgment, a trial court must, according to Rule 54(c), find from the pleadings, depositions, answers to interrogatories, admissions, and affidavits filed that there is no genuine issue of material fact, and the moving party is entitled to judgement as a matter of law. All reasonable inferences must be viewed in the light most favorable to the party against whom the motion is made, in this case, the Sanderses. *Diebold* v. *Vanderstek*, 304 Ark. 78, 799 S.W.2d 804 (1990).

Once the movant makes a prima facie showing of entitlement to summary judgment, the respondent must meet proof with proof by showing a genuine issue of material fact. *Guthrie* v. *Kemp*, 303 Ark. 74, 793 S.W.2d 782 (1990). When a party cannot present proof on an essential element of her claim, the moving party is entitled to judgment as a matter of law if the motion is properly supported. *Short* v. *Little Rock Dodge, Inc.*, 297 Ark. 104, 759 S.W.2d 553 (1988).

A property owner has a general duty to exercise ordinary care to maintain premises in reasonably safe condition for the benefit of invitees. *Bank of Malvern* v. *Dunklin*, 307 Ark. 127, 817 S.W.2d 873 (1991). *See also* AMI Civil 3rd, 1104. The burden of establishing a violation of this duty in a slip and fall case is well established; a plaintiff must show either (1) that the presence of an injury causing substance upon the premises was the result of the defendant's negligence, or (2) that the substance had been on the premises for such a length of time that the defendant knew or reasonably should have known of its presence and failed to use ordinary care to remove it. *Bank of Malvern* v. *Dunklin, supra, Safeway Stores Inc.* v. *Willmon*, 289 Ark. 14, 708 S.W.2d 623 (1986). *See also* AMI Civil 3rd, 1105. With respect to part two of the test, the burden is on the plaintiff to show a substantial interval between the time the substance appeared on the floor and the time of the accident. *Johnson* v. *Arkla, Inc.*, 299 Ark. 399, 771 S.W.2d 782 (1989).

### 1. Presence of a foreign substance due to negligence

The first issue is whether there was evidence raising a material question of fact whether the alleged presence of the brown, slimy substance was located on aisle four as a result of The Food Center's negligence. Ms. Sanders did not see the substance prior to her fall and could not positively identify it. She could only speculate that the substance was tobacco juice. She had no idea how the alleged substance came to be on aisle four. The Food Center produced evidence that no employee saw a foreign substance on the floor the day of the accident.

Viewing the evidence in the light most favorable to the Sanderses, we cannot say there was any evidence whatever as to how the foreign matter came to be present or that The Food Center personnel had any knowledge of its presence.

In a similar case, *Diebold* v. *Vanderstek, supra*, Diebold slipped and fell on a "green, slimy substance" which allegedly accumulated in the parking lot of the Vandersteks' shopping center. We upheld the granting of summary judgment in the Vandersteks' favor. The Vandersteks supported their motion with an affidavit indistinguishable from Rydner's affidavit. They also introduced Diebold's deposition which indicated he had no knowledge how the substance came to be on the parking lot or whether the Vandersteks knew about the substance prior to the fall.

In *Bank of Malvern* v. *Dunklin, supra*, we held the Trial Court should have directed a verdict in the Bank's favor because there was insubstantial evidence with respect to the nature of the substance which allegedly caused Dunklin's fall or how it came to be on the Bank's lobby floor. As here, there was no evidence that the substance was on the floor due to the Bank's negligence. *See also Johnson* v. *Arkla, Inc., supra*; *Safeway Stores, Inc.* v. *Willmon, supra, Willis* v. *Crestpark of Wynne*, 279 Ark. 456, 652 S.W.2d 625 (1983) (evidence insufficient to show the presence of the substance on the floor was the result of the defendant's negligence).

### 2. Evidence of duration of foreign substance presence

We must next consider whether there was a factual issue whether the substance, assuming it was there, had been on

the aisle four floor for such a length of time that The Food Center personnel knew or reasonably should have known of its presence and failed to use ordinary care to remove it. Ms. Sanders had no idea how long the substance was on the floor prior to her fall. The closest we can come to finding evidence on this point is her admitted guess that the matter was tobacco juice and that it had "gelled." Absent some showing that it was actually tobacco juice and evidence as to how long it would have taken it to "gell," even assuming, again without evidence, that it does gell, there was no evidence that the substance which was allegedly on the floor had been there long enough that store personnel should have had notice of it.

█ As there is no evidence tending to establish the time between the appearance of the substance on the floor and the time of the accident, we cannot say a question of fact in that respect was presented. *See, e.g., Bank of Malvern* v. *Dunklin, supra; Diebold* v. *Vanderstek, supra; Safeway Stores, Inc.* v. *Willmon, supra; Skaggs Co.* v. *White,* 289 Ark. 434, 711 S.W.2d 819 (1986).

Affirmed.