Robert MANKEY *v.* WAL-MART STORES, INC.

93-285                                      858 S.W.2d 85

Supreme Court of Arkansas
Opinion delivered July 12, 1993

*Ponder & Jarboe*, by: *Dick Jarboe*, for appellant.

*Barrett & Deacon*, by: *David W. Cahoon* and *D.P. Marshall, Jr.*, for appellee.

STEELE HAYS, Justice. Robert Mankey (appellant) brought this action against Wal-Mart Stores, Inc. (appellee) for injuries sustained in a slip and fall at a Wal-Mart store in Walnut Ridge. Wal-Mart moved for a directed verdict at the close of Mankey's evidence and the trial court granted the motion. Mankey appeals on the single point that the trial court should have permitted the issue of Wal-Mart's negligence to be decided by the jury. We hold the trial court ruled correctly.

Robert Mankey and his companion, Diane Eldon, were shopping together at a Wal-Mart store. Ms. Eldon went to the clothing department and Mr. Mankey went to the automotive department. Mr. Mankey picked up a case of motor oil and placed it in his basket. He then went elsewhere in the store, returning to the automotive department some ten to fifteen minutes later with Ms. Eldon. As Mr. Mankey was looking up at the oil filters, he slipped on motor oil which had leaked from a carton onto the floor. In falling, Mankey reinjured his back and aggravated a pre-

existing condition. Mr. Mankey sued Wal-Mart alleging that the store had breached its duty of care to him as a customer. At trial, he testified he did not see anything on the floor before he fell and he did not know how long the oil had been on the floor. Margaret Jones, a Wal-Mart employee, testified that she had been down the aisle where the accident occurred approximately five or ten minutes before and did not see the oil.

The trial court ruled there was insufficient evidence to establish negligence on the part of Wal-Mart in placing the foreign substance on the floor or that the substance had been there for a sufficient period of time that Wal-Mart either knew or should have known that the substance was present and failed to remedy the situation.

In determining whether a directed verdict should have been granted, we view the evidence in the light most favorable to the party against whom the verdict is sought and give it its highest probative value, taking into account all reasonable inferences deducible from it. *Lytle* v. *Wal-Mart Stores, Inc.*, 309 Ark. 139, 827 S.W.2d 652 (1992); *Johnson* v. *Arkla, Inc.*, 299 Ark. 399, 771 S.W.2d 782 (1989). A motion for a directed verdict should be granted only if there is no substantial evidence to support a jury verdict. *Boykin* v. *Mr. Tidy Car Wash, Inc.*, 294 Ark. 182, 741 S.W.2d 270 (1987). Where the evidence is such that fair-minded persons might reach different conclusions, then a jury question is presented, and the directed verdict should be reversed. *Howard* v. *Hicks*, 304 Ark. 112, 800 S.W.2d 706 (1990).

The law is well settled that a property owner has a general duty to exercise ordinary care to maintain the premises in a reasonably safe condition for the benefit of invitees. *Sanders* v. *Banks*, 309 Ark. 375, 830 S.W.2d 861 (1992); *Dye* v. *Wal-Mart Stores, Inc.*, 300 Ark. 197, 777 S.W.2d 861 (1989). In order to prevail in a slip and fall case, a plaintiff must show either (1) the presence of a substance upon the premises was the result of the defendant's negligence, or (2) the substance had been on the floor for such a length of time that the appellee knew or reasonably should have known of its presence and failed to use ordinary care to remove it. *Derrick* v. *Mexico Chiquito, Inc.*, 307 Ark. 217, 819 S.W.2d 4 (1991); *Wal-Mart Stores, Inc.* v. *Kelton*, 305 Ark. 173, 806 S.W.2d 373 (1991); *Skaggs Co.* v. *White*, 289 Ark. 434, 711

S.W.2d 819 (1986).

We have stated that the mere fact that a person slips and falls does not give rise to an inference of negligence. *Moore* v. *Willis, Etc.*, 244 Ark. 614, 426 S.W.2d 372 (1968). The doctrine of res ipsa loquitur is not applicable to slip and fall cases. *Safeway Stores, Inc.* v. *Willmon*, 289 Ark. 14, 708 S.W.2d 623 (1986). Possible causes of a fall, as opposed to probable causes, do not constitute substantial evidence of negligence. *J.M. Mulligan's Grille, Inc.* v. *Aultman*, 300 Ark. 544, 780 S.W.2d 554 (1990). Also, the presence of a foreign or slick substance which causes a slip and fall is not alone sufficient to prove negligence. *Collyard* v. *American Home Assurance Co.*, 271 Ark. 228, 607 S.W.2d 666 (1980). It must be proved that the substance was negligently placed there or allowed to remain. *Diebold* v. *Vanderstek*, 304 Ark. 78, 799 S.W.2d 804 (1990).

Robert Mankey admits there is no evidence Wal-Mart did anything that constituted negligence in causing the substance to be on the floor. However, he contends there is evidence from which the jury could infer that Ms. Jones, the Wal-Mart employee, was negligent in not noticing the oil or the container on its side or the oil dripping down the boxes. Mr. Mankey points to Ms. Jones' testimony that it was unlikely that she walked by and didn't see the substance and that Ms. Jones had an affirmative duty to look for debris or objects on the floor. However, the argument presupposes that the oil was on the floor when Ms. Jones passed by, when in fact there was no evidence, direct or circumstantial, from which that inference could be drawn. In short, there is no evidence that Wal-Mart breached its obligation to keep a reasonable watch over its premises.

Mankey argues a number of inferences and assumptions but he offered no evidence that Wal-Mart was responsible for the motor oil being on the floor or that it knew or should have known the motor oil was there. In fact, Mr. Mankey admitted in his deposition that he did not know how much oil was on the floor, or exactly where it came from. He did not see it leaking and he did not see a Wal-Mart employee or anyone else spill the oil.

We have recognized the length of time a substance is on the floor is a key factor. *Bank of Malvern* v. *Dunklin*, 307 Ark. 127, 817 S.W.2d 873 (1991). The burden is on the plaintiff to

show a substantial interval between the time the substance appeared on the floor and the time of the accident. *Sanders* v. *Banks*, 309 Ark. 375, 830 S.W.2d 861 (1992).

Robert Mankey admits there is no proof as to how long the oil had been on the floor but argues this evidence is relatively unimportant. He maintains the court should not substitute its judgment for that of the jury as to how long it took the oil to accumulate. Mankey relies upon his own testimony at trial in which he estimated that it would have taken four to five minutes for that much oil to pool on the floor. In addition, he claims that the jury could consider the fact the oil had dripped down the side of the boxes in determining how long the oil had been on the floor.

The only evidence concerning the time the oil might have been on the floor came from Ms. Jones. She testified as follows:

Q. So, based on your recollection then, how long had it been since you had been down the aisle where Mr. Mankey fell before you were aware that an accident had happened?

A. I'd say roughly five to ten minutes, because I had taken boxes back, I come out checked the, when I come back out, I checked the register and there was a customer there and I was in the process of checking this customer out at the time the lady hollered at me. (TR. 103).

Ms. Jones testified that it is doubtful that she went back up the aisle without seeing the oil, but admitted "anything was possible." The longest period of time the oil could have been on the floor under the proof was ten minutes. We have held that an interval of almost two hours between the time a substance was placed on the floor and the time of an accident was not sufficient to establish an inference of negligence. *Johnson* v. *Arkla, Inc.*, 299 Ark. 399, 771 S.W.2d 782 (1989); *Moore* v. *Willis*, 244 Ark. 614, 426 S.W.2d 372 (1968) Also, the fact that an employee was in the vicinity where a foreign substance was later discovered is not sufficient to raise an inference a spill was negligently overlooked. *Safeway Stores, Inc.* v. *Willmon*, 289 Ark. 14, 708 S.W.2d 623 (1986)(employees had been up and down the aisle for an hour and fifteen minutes before the fall and did not see the substance);

*Sanders* v. *Banks*, 309 Ark. 375, 830 S.W.2d 861 (1992)(employee had gone down the aisle ten to fifteen minutes before the accident and saw no spill on the floor); *Skaggs Co.* v. *White*, 289 Ark. 434, 711 S.W.2d 819 (1986)(employee had walked down the aisle five minutes before the occurrence and did not observe the foreign matter). Here, there was no proof the motor oil was present on the floor for anywhere near the "substantial" period of time required to justify an inference of negligence.

■ Giving Mankey's evidence its highest probative value, and considering all the reasonable inferences deducible from it, the proof falls short. Mankey did not prove the motor oil was on the floor because of Wal-Mart's negligence or that the oil had been on the floor for so long that Wal-Mart knew or should have known, it was there. Therefore, the trial court was correct in granting Wal-Mart's motion for a directed verdict.

Affirmed.

DUDLEY and CORBIN, JJ., not participating.