Frances HOUSE v. WAL-MART STORES, INC.

93-970                                   872 S.W.2d 52

Supreme Court of Arkansas
Opinion delivered March 7, 1994

*Delay Law Firm*, by: *R. Gunner Delay*, for appellant.

*Daily, West, Core, Coffman & Canfield*, by: *Jerry Lee Canfield*, for appellee.

TOM GLAZE, Justice. This appeal involves a slip and fall case. Appellant Frances House slipped in a liquid disinfectant and fell at a Wal-Mart Store in Waldron. Ms. House brought this action against appellee Wal-Mart Stores, Inc. for injuries sustained in the slip and fall. Wal-Mart moved for a directed verdict at the close of the evidence, and the trial court granted the motion. Ms. House argues on appeal that the trial court should have permitted the issue of Wal-Mart's negligence to be decided by the jury.

On July 27, 1992, Ms. House was shopping in the Wal-Mart store. As the appellant neared the check-out line, she noticed a liquid on the floor. The liquid was a disinfectant which had a pine odor, and the spill was approximately ten to twelve inches in diameter. Ms. House walked around the spill and took her

place in the check-out line. While Ms. House was standing in line, she stepped towards a display rack to pick up a cigarette lighter. As she was stepping back to the check-out line, Ms. House slipped and struck her foot on the display table. As a result, Ms. House sustained a fractured toe.

The law is well-settled that a property owner has a general duty to exercise ordinary care to maintain the premises in a reasonably safe condition for the benefit of invitees. *Mankey* v. *Wal-Mart Stores, Inc.*, 314 Ark. 14, 858 S.W.2d 85 (1993). In order to prevail in a slip and fall case, a plaintiff must show either (1) the presence of a substance upon the premises was the result of the defendant's negligence, or (2) the substance had been on the floor for such a length of time that the appellee knew or reasonably should have known of its presence and failed to use ordinary care to remove it. And the mere fact a person slips and falls does not give rise to an inference of negligence. *Sanders* v. *Banks*, 309 Ark. 375, 830 S.W.2d 86 (1992); *Boykin* v. *Mr. Tidy Car Wash, Inc.*, 294 Ark. 182, 741 S.W.2d 270 (1987). Also, the presence of a foreign or slick substance which causes a slip and fall is not alone sufficient to prove negligence, but instead, it must be proved that the substance was negligently placed there or allowed to remain. *Mankey*, 324 Ark. 14, 858 S.W.2d 85.

Here, House makes no contention that the presence of the disinfectant was on the floor as a result of Wal-Mart's negligence. Nor do the parties dispute the testimony or evidence below, although they do draw different inferences. House's sole argument is that the pine odor of the disinfectant was strong enough to put Wal-Mart employees, who were within a fifteen-to-twenty foot radius of the spill, on notice that the disinfectant was present. Having such notice, House claims the employees failed to use ordinary care to remove the spill.

House specifically contends that, a few minutes before her fall, Sue Young, a Wal-Mart employee, had walked in the alley where the spill was present and House argues that it was inconceivable that, because of the pine scent, Young would not have detected the spill. House also points out the Wal-Mart manager testified that he smelled the disinfectant when he was about fifteen feet from the spill. Based upon the manager's testimony, House further asserts that a Wal-Mart check-out employee, located

only twenty feet from the spill, should also have been aware of the disinfectant's presence because of the strong pine smell.

Wal-Mart counters, saying that no evidence was presented showing that any Wal-Mart employee had knowledge of the spill prior to House's fall or that anyone reported the spill. To the contrary, Wal-Mart employees testified, indicating they had no such knowledge. And the manager further observed that, when he saw the spill after House's fall, he saw no tracks through the spill, thus suggesting the spill had been present a short duration.

We have recognized the length of time a substance is on the floor is a key factor, and the burden is on the plaintiff to show a substantial interval between the time the substance appeared on the floor and the time of the accident. *Mankey*, 314 Ark. at 17-18, 858 S.W.2d at 87. The fact an employee was in the vicinity where a foreign substance was later discovered is not sufficient to raise an inference that a spill was negligently overlooked. *Id. See also Safeway Stores, Inc.* v. *Willmon*, 289 Ark. 14, 708 S.W.2d 623 (1986) (employees had been up and down the aisle for an hour and fifteen minutes before the fall and did not see the substance); *Sanders*, 309 Ark. 375, 830 S.W.2d 861 (employee had gone down the aisle ten to fifteen minutes before the accident and saw no spill on the floor); *Skaggs* v. *White*, 289 Ark. 434, 711 S.W.2d 819 (1986) (employee had walked down the aisle five minutes before the occurrence and did not observe the foreign matter).

In sum, in viewing the evidence in the light most favorable to House, we conclude her proof is insufficient to show the substance or disinfectant in issue here was on the Wal-Mart floor for such a period of time that Wal-Mart reasonably should have known of its presence. No one knew when the spill occurred, and at most, the evidence reflects the liquid had been on the floor for five or six minutes before House's fall. While House suggests that the disinfectant's strong odor should have caused a quick discovery and removal of the spill by Wal-Mart employees, it would be pure conjecture to draw such an inference. The evidence was clear that the Wal-Mart employees were unaware of the spill, and none of them smelled the disinfectant prior to House's fall. Again, although Wal-Mart employee Young may have been in the vicinity of the spill before the fall, this court,

as previously mentioned, has held such presence is insufficient to raise an inference that a spill was negligently overlooked. Here, Young denied smelling or seeing the disinfectant.

Because we hold House failed to present substantial evidence showing an inference of negligence on Wal-Mart's part, we affirm the trial court's decision directing a verdict in Wal-Mart's favor.

DUDLEY and CORBIN, JJ., not participating.