Ledora BLACK *v.* WAL-MART STORES, INC.
d/b/a Sam's Wholesale Club

93-1121                                                  872 S.W.2d 56

Supreme Court of Arkansas
Opinion delivered March 21, 1994

*Page & Thrailkill, P.A.*, by: *Patricia A. Page*, for appellant.

*Kenneth Breckenridge, P.A.*, by: *Kenneth Breckenridge*, for appellee.

TOM GLAZE, Justice. This is a slip and fall case. On February 21, 1992, the appellant, Ledora Black, was a customer in a Wal-Mart store, Sam's Wholesale Club #8143 located in Fort Smith, when she slipped and fell necessitating surgery to her

knee. Mrs. Black filed suit against Wal-Mart claiming her fall and resulting injury were due to Sam's negligence in allowing "a slick and slippery" area of the floor to remain.

Following Mrs. Black's deposition, Wal-Mart filed a motion for summary judgment citing the fact that Mrs. Black could produce no evidence that there was any substance on the floor which would have caused her fall or that the floor was slick or that Wal-Mart was negligent in any manner. On August 2, 1993, the trial court granted the motion for summary judgment, finding no genuine issues of material fact. Mrs. Black appeals from that order.

■■ A property owner has a general duty to exercise ordinary care to maintain the premises in a reasonably safe condition for the benefit of invitees. In order to prevail in a slip and fall case, a plaintiff must show either (1) the presence of a substance on the premises was the result of the defendant's negligence, or (2) the substance had been on the floor for such a length of time that the defendant knew or reasonably should have known of its presence and failed to use ordinary care to remove it. And the mere fact a person slips and falls does not give rise to an inference of negligence. *House* v. *Wal-Mart Stores, Inc.*, 316 Ark. 221, 872 S.W.2d 52 (1994); *Mankey* v. *Wal-Mart Stores, Inc.*, 314 Ark. 14, 858 S.W.2d 85 (1993); *Sanders* v. *Banks*, 309 Ark. 375, 830 S.W.2d 861 (1992); *Boykin* v. *Mr. Tidy Car Wash, Inc.*, 294 Ark. 182, 741 S.W.2d 270 (1987).

Here, Mrs. Black does not allege that a foreign substance was on the floor, but only that the floor was slippery. In her deposition, Mrs. Black stated the following:

> I did not see any water, coke or substance on the floor because I was hurting so bad. I never thought it would be on the floor, all I know it was real slick. I think they had just waxed it. It was just real shiny and slick. They had just waxed it and there was no traffic, no walking on it yet. I know they had just waxed it because you could tell, it was real shiny. I'm not contending there was any water or substance on the floor that I saw, I was out of it almost I was hurting so bad.

While Mrs. Black was accompanied to the store by two companions, neither of them provided any testimony or other infor-

mation in this case, nor did Mrs. Black produce any other witnesses that could support her allegations.

In support of its motion for summary judgment, Wal-Mart submitted two affidavits in addition to Mrs. Black's deposition. Ken Redding, an employee of Sam's who was responsible for "safety sweeps," attested he had conducted a "safety sweep" of the area thirty minutes prior to Mrs. Black's fall, he found no foreign substance on the floor at that time, and no one reported such a substance on the floor where Mrs. Black fell either before or after her fall. Further, Redding stated that the floor is concrete and "does not contain any wax on the floor." Beverly Geren, also an employee of Sam's, stated in her affidavit that she was standing approximately twenty feet away and facing toward Mrs. Black when Geren saw the accident occur. Geren attested that Mrs. Black appeared to trip over her own feet and that she, Geren, was unaware of any substance on the floor.

For reversal, Mrs. Black argues that her deposition creates direct and circumstantial evidence supporting a prima facie case of negligence against Wal-Mart, and that a jury could find the waxed or otherwise treated floor resulted in a dangerous condition due to its slipperiness. For support, Mrs. Black cites *Nat'l. Credit Corp.* v. *Ritchey*, 252 Ark. 106, 477 S.W.2d 488 (1972), where this court adopted the California view:

> If wax, or . . . both wax and soft soap, are applied to the floor, it must be in such manner as to afford reasonably safe conditions for the proprietor's invitees, and if such compounds cannot be used on a particular type of floor material without violation of the duty to exercise ordinary care for the safety of invitees, by reason of the dangerous conditions they create, they should not be used at all. Of course slipperiness is an elastic term. From the fact that a floor is slippery it does not necessarily result that it is dangerous to walk upon. It is the degree of slipperiness that determines whether the condition is reasonably safe. This is a question of fact.

*Id.* at 110 (citation omitted). In *Nat'l. Credit Corp.*, this court reversed the lower court's grant of summary judgment where the facts showed the floor had been cleaned with soap and water.

While the floor on which the plaintiff had fallen had not been waxed, it had been buffed with the same buffer used on an adjacent floor that was waxed.

In *J.M. Mulligan's Grille, Inc.* v. *Aultman*, 300 Ark. 544, 780 S.W.2d 554 (1989), the plaintiff fell on a floor she described as "slippery." While the plaintiff did not contend a foreign substance was on the floor, she argued instead that the floor was inherently and unreasonably slippery, and cited *Nat'l. Credit Corp.* as support. Rejecting her argument, this court distinguished the facts in the two cases and noted our decision in *Nat'l. Credit Corp.* was based on evidence that both soap and wax were used on the floor, plus there was evidence the floor had been buffed. On the other hand in *Mulligan's*, there was no evidence that wax or any other material had been applied to the floor.

The present case is like the situation in *Mulligan's*. Here, Wal-Mart's proof showed that the store's floor was concrete, had no foreign substance on it, nor did the floor contain any wax. Wal-Mart also showed that Mrs. Black tripped over her own feet. Mrs. Black, on the other hand, offered no evidence that wax or any other substance had been applied to the floor, but instead she made only the conjectural statement, "I know they had just waxed it because you could tell, it was real shiny." As this court stated in *Mulligan's*, in virtually every case involving a fall, the plaintiff will describe a floor as slick or slippery, and this alone is not sufficient to support a case for negligence. *J. M. Mulligan's Grille, Inc.*, 300 Ark. at 546, 780 S.W.2d at 555; *see also McDonald* v. *Eubanks*, 292 Ark. 533, 731 S.W.2d 769 (1987).

For the foregoing reasons, we affirm the trial court's granting of summary judgment.

DUDLEY and CORBIN, JJ., not participating. NEWBERN, J., dissents.

DAVID NEWBERN, Justice, dissenting. Ms. Black's deposition states with respect to the floor on which she allegedly slipped: "They had just waxed it . . . . I know they had just waxed it because you could tell, it was real shiny." In response, a store employee testified the concrete floor "does not contain any wax. . . ." That creates an issue of fact, and a summary judgment should not have been entered. The majority opinion engages in

weighing Ms. Black's deposition testimony against that presented by Wal-Mart. That should not be done at this stage of the case.

Ms. Black's allegation is that the floor had been made unsafely slippery; her testimony is that the condition of the floor was created because it had just been waxed. In *National Credit Corp.* v. *Ritchey*, 252 Ark. 106, 477 S.W.2d 488 (1972), we stated the obvious, *i.e.*, if wax is applied to the floor, it must be in such manner as to afford reasonably safe conditions for invitees. We held summary judgment should not have been granted in favor of the property owner because the matter of whether a waxed floor is reasonably safe presented a question of fact. The majority opinion attempts to distinguish the evidence in that case from that now before us. In my view, again, Ms. Black's observation that the floor had just been waxed is sufficient to raise a factual issue on that point.

The majority opinion relies on *J.M. Mulligan's Grille* v. *Aultman*, 300 Ark. 544, 780 S.W.2d 554 (1989), which is distinguishable. Ms. Aultman's contention was not that the property owner had done anything to heighten the slipperiness of the floor on which she was injured. It was, rather, that the floor was composed of a material which was too slick. The only evidence she presented was her testimony that the floor was "slippery." We noted that she offered no evidence that the materials of which the floor were constructed were in any way defective. A trial was held resulting in a verdict for the plaintiff. We held the Trial Court should have granted a directed verdict for the property owner as the evidence was insufficient to have gone to the jury.

The question whether Ms. Black's evidence will be sufficient to go to a jury is not before us. The question before us is whether it was error for the Trial Court to hold there was "no genuine issue as to any material fact." Ark. R. Civ. P. 56(c). It was error.

I respectfully dissent.