**Harry Roland HARVEY, Sr., Appellant,**

v.

**WAL–MART STORES, INC., Appellee.**

**No. 94–1119.**

United States Court of Appeals, Eighth Circuit.

Submitted June 16, 1994.

Decided Aug. 26, 1994.

Rehearing Denied Sept. 20, 1994.*

* Judge Floyd R. Gibson would grant the petition.

Rex Moreland Terry and Roland Metcalf, Fort Smith, AR, argued, for appellant.

Jerry L. Canfield, Fort Smith, AR, argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

WOLLMAN, Circuit Judge.

Harry Roland Harvey, Sr. appeals from the district court's [1] order entering judgment as a matter of law in favor of Wal–Mart Stores, Inc. in this diversity slip and fall case. We affirm.

Harvey alleged that he sustained injuries when he slipped on an unidentified substance on the floor of a Wal–Mart store. At the close of the evidence, Wal–Mart moved for judgment as a matter of law. The district court, in accordance with our recommendation in *Dace v. ACF Indus., Inc.*, 722 F.2d 374, 379 n. 9 (8th Cir.1983), allowed the case to go to the jury and stated that it would review its ruling, if necessary, upon a properly filed motion after the jury had returned a verdict. The jury returned a verdict in favor of Harvey and awarded him $150,000 in damages. The district court then granted Wal–Mart's renewed motion for judgment as a matter of law.

We review de novo the district court's decision to grant judgment as a matter of law. *See Standley v. Chilhowee R–IV School Dist.*, 5 F.3d 319, 323 (8th Cir.1993). "Judgment as a matter of law is appropriate only where the nonmoving party has presented insufficient evidence to support a jury verdict in his or her favor, and this is judged by viewing the evidence in the light most favorable to the nonmoving party and giving him or her the benefit of all reasonable inferences from the evidence, but without assessing credibility." *Abbott v. City of Crocker*, 30 F.3d 994, 997 (8th Cir.1994).

1. The Honorable H. Franklin Waters, United States District Judge for the Western District of Arkansas.

Arkansas law is applicable to this diversity case. A property owner in Arkansas "has a general duty to exercise ordinary care to maintain the premises in a reasonably safe condition for the benefit of the invitees." *Mankey v. Wal–Mart Stores, Inc.*, 314 Ark. 14, 858 S.W.2d 85, 86 (1993). The mere fact that a person slips and falls does not give rise to an inference of negligence. *Id.* 858 S.W.2d at 86. Further, the mere presence of a foreign substance on the floor which causes a slip and fall does not prove negligence. *Id.* at 87. "In order to prevail in a slip and fall case, a plaintiff must show either (1) the presence of a substance upon the premises was the result of the defendant's negligence, or (2) the substance had been on the floor for such a length of time that the [defendant] knew or reasonably should have known of its presence and failed to use ordinary care to remove it." *Id.* at 86. A plaintiff seeking to prove negligence based on the length of time the substance has been on the floor has the burden of showing "a substantial interval between the time the substance appeared on the floor and the time of the accident." *Id.* at 87.

We agree with the district court that Harvey presented insufficient evidence to support the jury verdict under the burden of proof imposed by Arkansas law. Viewed in the light most favorable to Harvey, "[t]here was no evidence from which a jury might determine without speculation or conjecture how the substance got on the floor or how long it remained there prior to the accident." *Bank of Malvern v. Dunklin*, 307 Ark. 127, 817 S.W.2d 873, 875 (1991).

Harvey contends that he presented evidence from which the jury could infer that there was a substantial interval between the time the substance appeared on the floor and the time of his accident. He relies on his own and his companion's testimony describing the unidentified substance as yellow, dirty, settled, and dried and crusty on the edges. In *Sanders v. Banks*, 309 Ark. 375, 830 S.W.2d 861, 864 (1992), the plaintiff slipped and fell on a substance that she "guessed" was tobacco juice that had "gelled." The Arkansas Supreme Court held:

Absent some showing that it was actually tobacco juice and evidence as to how long it would have taken it to 'gell,' even assuming, again without evidence, that it does gell, there was no evidence that the substance which was allegedly on the floor had been there long enough that store personnel should have had notice of it.

*Id.* 830 S.W.2d at 864. Here, Harvey presented no evidence regarding what the substance was or how long it would take it to turn yellow, settle, or become dirty or dried and crusty on the edges. As in *Sanders*, there was no evidence that the substance had been there long enough that store personnel should have noticed it.

Harvey further contends that the testimony of his companion and a Wal–Mart employee that there was a track running from the substance constituted evidence from which the jury could infer the substance had been on the floor for a substantial time. We disagree. Harvey's companion testified that the track was created by Harvey when he fell and that she did not see any skid marks or cart tracks or indications that others had stepped in the substance. The Wal–Mart employee testified that she did not know what caused the track.

Harvey also argues that the district court erred in excluding his companion's testimony, based on appearance alone, that the substance had been on the floor for at least four to five hours. Federal Rule of Evidence 701 limits opinion testimony by a lay witness to "those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." The district court allowed Harvey's companion to testify regarding the physical qualities of the substance, but excluded her opinion testimony on the ground that she was in no better position to estimate the length of time the substance had been on the floor than the jury would be if the jury had the substance described to them. We conclude that the district court did not abuse its discretion in excluding the testimony. *See Hogan v.*

*American Tel. & Tel. Co.,* 812 F.2d 409, 410 (8th Cir.1987) (standard of review).

The judgment is affirmed.

FLOYD R. GIBSON, Senior Circuit Judge, dissenting.

Because I believe there is sufficient evidence to support the jury's verdict, I dissent. Harvey testified that the substance was yellow, dirty, and wet in the middle with dried and crusted edges. His companion described it as soapy-looking, foamy, and containing trash and debris. In slip and fall cases, the Arkansas Supreme Court has acknowledged the importance of a foreign object's condition in determining the length of time it has remained in a particular place where it is likely to cause injury. *Jackson v. Hemphill,* 245 Ark. 699, 434 S.W.2d 818, 819–20 (1968) (describing cases where banana peelings were trampled, black, dry, gritty, and dirty). I believe that Harvey had presented enough evidence for a jury to reasonably determine that this dried and dirty substance had been on Wal–Mart's floor for a substantial amount of time.

In granting Wal–Mart's motion for judgment as a matter of law, the district court commented that Harvey's and his companion's descriptions of the substance changed from the time of the accident to the time of trial. The court also noted that substances dry at different rates and that evidence that this substance was dried and crusted meant nothing unless its identity was known.

The majority opinion correctly recognizes that a court may not weigh the evidence or assess the credibility of witnesses in considering a motion for judgment as matter of law. *Ante* at 970–71. "Occasionally verdicts may be returned with which judges strongly disagree.... When questions of fact are involved, common sense is usually more important than technical knowledge, and twelve heads are better than one." *Dace v. ACF Industries, Inc.,* 722 F.2d 374, 376–77 (8th Cir.1983) (footnotes omitted).

In slip and fall cases under Arkansas law, the burden rests on the plaintiff to prove that the substance was on the floor for a substantial amount of time. *Sanders v. Banks,* 309 Ark. 375, 830 S.W.2d 861, 863 (1992). In this case, however, Harvey was denied the opportunity to identify the substance because Wal–Mart's employees cleaned the area immediately after his fall and disposed of the substance, effectively precluding the plaintiff any opportunity to examine and assess the substance. I am concerned that requiring a plaintiff to positively identify the offending substance encourages premise owners, like Wal–Mart, to dispose of evidence as quickly as possible in order to prevent a potential plaintiff from having the opportunity to prove his case. In any event, there is sufficient evidence in this case, through the application of common sense, for the jury to infer that this dried and dirty substance had been on Wal–Mart's floor for a substantial amount of time.

In the alternative to ordering judgment as a matter of law, the district court granted Wal–Mart's motion for a new trial. Consequently, I would remand this case for a new trial.