Floyd WILSON *v.* J. WADE QUINN COMPANY, Inc.

97-344                                    952 S.W.2d 167

Supreme Court of Arkansas
Opinion delivered October 23, 1997

*W. Scott Davidson*, for appellant.

*Snellgrove, Laser, Langley , Lovett, & Culpepper*, by:  *P. Sanders Huckabee*, for appellee.

DAVID NEWBERN, Justice. This is a slip-and-fall case. Floyd Wilson alleged he fell down in a Jr. Foods Store ("the store"), operated by J. Wade Quinn Company, Inc. ("Quinn Co."). He alleged that he slipped on a foreign substance on the floor, fell into a soft-drink display, and sustained injuries. We are asked to review a summary judgment in favor of Quinn Co. We hold that summary judgment was improperly granted as conflicting affidavits left a genuine issue of material fact. Ark. R. Civ. Pro. 56(c).

Mr. Wilson alleged his fall was due to slipping on a liquid substance and mashed food particles. In support of its summary-judgment motion, Quinn Co. produced the affidavit of Christopher Ramsey, the store's assistant manager. Mr. Ramsey stated that, after hearing a noise near the soft-drink display, he went to investigate. He did not see anyone there; however, Mr. Wilson came out of the restroom and informed Mr. Ramsey that he fell on a french fry but was fine. He inspected the area where Mr. Wilson allegedly fell, but he did not see and was not made aware of a french fry, foreign substance, or anything slippery in the area. He said that, to the best of his knowledge, a store employee did not place any foreign matter in or near the area where Mr. Wilson fell. No employee had been made aware of the existence of any foreign matter in this area nor had any employee been asked to remove any such matter. Mr. Ramsey said his duties included checking the floor for food, spilled drinks, debris, and other foreign matter. Employees are trained to watch for and clean up any such matters on the floor, and the floors are cleaned on an hourly basis. He said that, approximately thirty minutes before Mr. Wilson fell, the area where he fell was cleaned and that the store did not serve french fries on the day in question.

In his counteraffidavit Mr. Wilson stated that there was a "dirty looking liquid" mixed with food particles on the floor that "looked like it had been walked through for quite some time." The substance spread over nearly four feet, approximately the width of the aisle. After being helped up by an unidentified person, he went into the bathroom to stop his chin from bleeding. Mr. Wilson stated that when he left the restroom, a store employee asked him if he would be alright, and that the employee then turned to another employee and said, "I thought you cleaned that up." Mr. Wilson also stated that the store employees had a clear view of the aisles from their usual position at the cash register behind the counter. He said that he was not warned of a substance on the floor, and there were no barriers or signs preventing him from walking down the aisle where the substance was allegedly on the floor. He was using crutches at the time of the fall and the employees were present when he wiped the substance from the floor off of his crutch.

■ Summary judgment should be granted only when it is clear that there is no genuine issue of material fact to be litigated. *Kelley v. National Union Fire Ins. Co.*, 327 Ark. 329, 937 S.W.2d 660 (1997). A summary judgment should not be granted when reasonable minds could differ as to the conclusions they could draw from the facts presented. *Brunt v. Food 4 Less, Inc.*, 318 Ark. 427, 885 S.W.2d 894 (1994). The burden of proving there is no genuine issue of material fact is upon the movant, and all proof submitted must be viewed favorably to the party resisting the motion. *Wyatt v. St. Paul Fire & Marine Ins.*, 315 Ark. 547, 868 S.W.2d 505 (1994). Any doubts and inferences must be resolved against the moving party. *Kelley v. National Union Fire Ins. Co.*, 327 Ark. 329, 937 S.W.2d 660 (1997). When the movant makes a prima facie showing of entitlement, the respondent must meet proof with proof by showing a genuine issue of material fact. *Brunt v. Food 4 Less, Inc.*, 318 Ark. 427, 885 S.W.2d 894 (1994).

■■ A property owner has a duty to exercise ordinary care to maintain the premises in a reasonably safe condition for the benefit of invitees. *Kelley v. National Union Fire Ins. Co.*, 327 Ark. at 335, 937 S.W.2d at 663; *Black v. Wal-Mart Stores, Inc.*, 316 Ark. 418, 872 S.W.2d 56 (1994).

> In order to prevail in a slip and fall case, the appellant must show either (1) that the presence of a substance upon the premises was the result of the defendant's negligence, or (2) that the substance had been on the premises for such a length of time that the defendant knew or reasonably should have known of its presence and failed to use ordinary care to remove it. The mere fact a person slips and falls does not give rise to an inference of negligence. Possible causes of a fall, as opposed to probable causes, do not constitute substantial evidence of negligence.

*Kelley v. National Union Fire Ins. Co.*, 327 Ark. at 335, 937 S.W.2d at 663 (citations omitted).

Mr. Wilson's statement that the dirty water and mashed food particles looked as if they had been walked through for some time and that they had spread over a wide floor area raises the specter of a foreign substance having been present long enough that store employees should have known of its presence. In addition, his statement that one employee remarked to another that he thought "that" had been cleaned up adds considerable weight to the possible conclusion that the store was negligent by virtue of knowledge of the presence of the substance and failure to act to remove it.

Quinn Co. argues the statement alleged to have been made by its employee could have referred to an employee mentioning to another that the floor should have been cleaned *after* the accident. While that is a possibility, so is the possibility that it meant *before* the accident occurred. At any rate, the matter is one for a factfinder.

Unlike cases, such as *Mankey v. Wal-Mart Stores, Inc.*, 314 Ark. 14, 858 S.W.2d 85 (1993), and *Sanders v. Banks*, 309 Ark. 375, 830 S.W.2d 861, in which we have affirmed a summary judgment or directed verdict due to lack of a showing as to how long the substance was on the floor prior to the fall, the evidence here is such that a fact finder could determine that there was a foreign substance on the store's floor and that it was known to employees but not removed or that it had been present for a time sufficient to require its notice and removal by employees.

As all doubts and inferences must be resolved in favor of the nonmoving party, Mr. Wilson's affidavit was sufficient to raise

a material issue of fact. *See Kelley v. National Union Fire Ins. Co.,* 327 Ark. at 336, 937 S.W.2d at 663. The affidavits conflict as to whether the substance had been on the premises for such a length of time that the store employees knew or reasonably should have known of its presence and failed to use ordinary care to remove it. A genuine issue of material fact remains to be decided.

Reversed and remanded.