Marsha JENKINS, et al. *v.* HESTAND'S GROCERY, INC.

94-1370                                                898 S.W.2d 30

Supreme Court of Arkansas
Opinion delivered May 15, 1995

486

*Childs & Harper*, by: *Callis Childs* and *Ricky Ashlock*, for appellant.

*Friday, Eldredge & Clark*, by: *William M. Griffin III* and *Betty J. Demory*, for appellee.

DAVID NEWBERN, Justice. This is a negligence case. Summary judgment was granted in favor of the appellee, Hestand's Grocery, Inc. (Hestand's), with respect to a claim by appellants Marsha Jenkins and her husband, Mike Jenkins. Ms. Jenkins alleged she suffered a fall just outside the Hestand's grocery entrance on an incline built to aid shopping carts and wheel chairs in negotiating the curb between the sidewalk and Hestand's parking lot. Ms. Jenkins claimed Hestand's breached its duty to warn her of an unmarked and unanticipated dangerous condition and she suffered injuries to her neck, back, and nervous system as a result. Summary judgment was appropriate because there was no remaining factual issue in view of the Trial Court's correct conclusion that Hestand's had no such duty in the circumstances presented.

Deposition testimony of Ms. Jenkins and of Hestand's store manager, Mr. Getchall, as well as an affidavit of Ms. Jenkins were before the Trial Court. In her deposition Ms. Jenkins stated she entered the store door from the parking lot, made a purchase, exited, and was returning to her car when she fell. She said, "When I got out of the car and went in, I walked up the slope. When I came out of the store, the slope was still there. However, I didn't know the slope was there when I went in the front door." She stated also that her fall occurred when she stepped in the middle of the slope and her foot went forward from under her. She said it was a very slight slope which looked like there was no incline because the asphalt had been "brought right up to the sidewalk." She landed on her hands and knees which were scraped but did not feel any additional injury until later.

Mr. Getchall stated the store had operated with the same condition in place some 29 years, serving 3000 to 4000 cus-

tomers weekly without any such incident. He said Hestand's was unaware of any dangerous or hazardous condition on its parking lot or sidewalk.

In granting the summary judgment motion, the Trial Court remarked that there had been no presentation of an affidavit or other evidence by a person with requisite skills and training to say that the condition in question was dangerous. He also analogized to a situation of which he was personally aware and said in such a circumstance "There are thousands of people that walk there every day . . . . You've got to look and see that because you know it's there, and you got to miss it and avoid it. Here, we just have a slope, and . . . people have to kind of take care of themselves."

Ms. Jenkins contends there was a remaining genuine issue of material fact and thus summary judgment should not have been granted. Ark. R. Civ. P. 56(c). She argues the Trial Court erred by requiring her to "prove" her case and that her testimony was not properly evaluated.

The duty of Hestand's to its invitees, such as Ms. Jenkins, is clearly stated in Restatement of Torts 2d, § 343 as follows:

> A possessor of land is subject to liability for bodily harm caused to business visitors by a natural or artificial condition thereon if, but only if, he (a) knows, or by the exercise of reasonable care could discover, the condition which, if known to him, he should realize as involving an unreasonable risk to them, and (b) has no reason to believe that they will discover the condition or realize the risk involved therein, and (c) invites or permits them to remain upon the land without exercising reasonable care
>
> > (i) to make the condition reasonably safe, or
> >
> > (ii) to give a warning adequate to enable them to avoid the harm.

See *Kuykendall* v. *Newgent*, 255 Ark. 945, 504 S.W.2d 344 (1974), and *Dr. Pepper Co.* v. *DeFreece*, 234 Ark. 450, 352 S.W.2d 579 (1962), in which we cited the rule as found in the original Restatement.

Under this rule, the basis of a defendant's liability is

superior knowledge of an unreasonable risk of harm of which the invitee, in the exercise of ordinary care, does not or should not know. In *McClure* v. *Koch*, 433 S.W.2d 589 (Mo. App. 1968), the Missouri Court of Appeals was presented with a case which had been tried to a jury on facts remarkably similar to those presented on the summary judgment motion here. The Court affirmed a judgment for the defendant grocery store, and in discussing Restatement § 343 and the grocery store parking lot ramp said:

> The alternative duty to keep the premises in a reasonably safe condition for an invitee or to warn him of the dangerous condition applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls and the like, in that they are known to the invitor but not known to the invitee and would not be observed by the latter in the exercise of ordinary care. [Citation omitted.] It follows therefore that there is no liability by the occupier or possessor of the premises for injuries from dangers that are obvious, or as well known to the plaintiff injured as to the occupier or possessor of the premises. [Citation omitted.]

While the opinion in the *McClure* case continues with remarks about the familiarity of the plaintiff with the defendant's parking lot and the ramp in question, the emphasis could just as well have been on "dangers that are obvious" as opposed to "traps, snares, or pitfalls." It was held that the plaintiff had failed to make a "submissible case" for the jury to decide.

We agree with the Trial Court's apparent conclusion that no evidence was presented by Ms. Jenkins to show that the condition she alleges to have caused her fall constituted a "danger" or that it presented an "unreasonable risk" to invitees. In addition, there was nothing before the Trial Court to indicate the occupier of the premises, Hestand's, had any knowledge whatever that the ramp was dangerous or involved an "unreasonable risk" to its invitees.

Affirmed.