Glynn MOREHART *v.* DILLARD DEPARTMENT STORES
and Hot Springs Mall Associates

95-274                                                908 S.W.2d 331

Supreme Court of Arkansas
Opinion delivered October 30, 1995
[Petition for rehearing denied December 4, 1995.]

*Q. Byrum Hurst, Jr.,* for appellant.

*Anderson & Kilpatrick,* by: *Randy Murphy,* for appellee Dillard Department Stores.

*Barber, McCaskill, Amsler, Jones & Hale, P.A.,* by: *Michael L. Alexander* and *Derek J. Edwards,* for appellee Hot Springs Mall Associates.

ANDREE LAYTON ROAF, Justice. Appellant Glynn Morehart seeks review of a directed verdict granted in the jury trial of his action against appellees Dillard Department Stores and Hot Springs Mall Associates, for injuries he suffered in a fall. We affirm the trial court's granting of the appellees' motions for directed verdict.

Appellant entered Dillard's Department Store located in the Hot Springs Mall by way of a handicap ramp, made a purchase, and exited using the same ramp. As he descended the ramp, he fell and broke his leg. Appellant filed suit alleging his injuries were caused by the negligence of the appellees. His complaint suggested a number of possible causes of his fall: (1) that the handicap ramp was negligently constructed because it was built with horizontal grooves (2) that the paint on the ramp was unsafe, and (3) that the slope of the ramp did not comply with certain building codes.

The case was tried to a jury in Garland County Circuit Court. Appellant presented the testimony of witnesses regarding the construction of the ramp and the painting of the ramp. Appellant testified that it had been raining on the day of the incident and the ramp was painted with a slick, shiny, yellow enamel paint and that there were wet leaves on the ramp. He further testified that he did not recall slipping and did not know how he fell. Although appellant's expert witness testified that the ramp was not constructed to drain water properly, he offered no opinion regarding the cause of appellant's fall. In sum, there was no evidence presented that water, paint, or a defective condition of the ramp caused the appellant's fall. At the close of appellant's case-in-chief, appellees moved for directed verdict based on the insufficiency of appellant's evidence, and the trial court granted the motions.

■ Appellant argues that the trial court erred in granting the motions for directed verdict, because he presented sufficient evidence that his accident was caused by the negligence of the appellees. In determining whether a directed verdict should have been granted, we review the evidence in the light most favorable to the party against whom the verdict is sought and give it its highest probative value, taking into account all reasonable inferences deducible from it. *Lytle* v. *Wal-Mart Stores, Inc.*, 309 Ark. 139, 827 S.W.2d 652 (1992). A motion for directed verdict should be granted only if there is no substantial evidence to support a jury verdict. *Mankey* v. *Wal-Mart Stores, Inc.*, 314 Ark. 14, 858 S.W.2d 85 (1993). Where the evidence is such that fair-minded persons might reach different conclusions, then a jury question is presented, and the directed verdict should be reversed. *Howard* v. *Hicks*, 304 Ark. 112, 800 S.W.2d 706 (1990).

■■ The law is quite settled that a property owner has a general duty to exercise ordinary care to maintain the premises in a reasonably safe condition for the benefit of invitees. *Dye* v. *Wal-Mart Stores Inc.*, 300 Ark. 197, 777 S.W.2d 861 (1989). According to *Mankey, supra*:

> In order to prevail in a slip and fall case, a plaintiff must show either (1) the presence of a substance upon the premises was the result of the defendant's negligence, or (2) the substance had been on the floor for such a length of time that the appellee knew or reasonably should have

known of its presence and failed to use ordinary care to remove it.

Here, appellant Morehart has failed to meet either of the criteria. The mere fact that he fell does not give rise to an inference of negligence. *See Mankey* at 17. *See also Sanders* v. *Banks*, 309 Ark. 375, 830 S.W.2d 861 (1994). Although he proposed several possible causes for his fall, including the presence of water and wet leaves, possible causes, as opposed to probable causes, do not constitute substantial evidence of negligence. *Brunt* v. *Food 4 Less, Inc.*, 318 Ark. 427, 885 S.W.2d 894 (1994). Further, the presence of a foreign or slick substance which causes a slip and fall is not alone sufficient to prove negligence. *Mankey* at 17. It must be proved that the substance was negligently placed there or allowed to remain. *Id.* Appellant testified that he did not know how long the ramp had been damp or how long leaves had been on the ramp.

■ The burden is always on the party asserting negligence to prove it, as negligence is never presumed. *Arkansas Kraft* v. *Cottrell*, 313 Ark. 465, 855 S.W.2d 333 (1993). To establish a prima facie case of negligence, appellant must show that he sustained damages, that the defendants were negligent, and that such negligence was a proximate cause of his damages. *Id.* at 470. While a party may establish negligence by direct or circumstantial evidence, he cannot rely upon inferences based on conjecture or speculation. *Arkansas Kraft* at 471. Appellant, in this instance has failed to establish a prima facie case of negligence based on the presence of a foreign substance.

As to appellant's allegations that the ramp was negligently constructed, we addressed a similar situation recently in the negligence action of *Jenkins* v. *Hestand's Grocery, Inc.*, 320 Ark. 485, 898 S.W.2d 30 (1995). The appellant in *Jenkins* made a purchase in appellee's grocery store, attempted to exit the store, and fell before she reached her vehicle. She argued that her fall occurred when she stepped in the middle of the slope of a ramp and her foot went forward from under her. In granting the appellee's motion for summary judgment, the trial court remarked that there had been no presentation of an affidavit or other evidence by a person with requisite skills and training to say that the condition in question was dangerous. *Id.* at 487.

This court recounted in *Jenkins* that the duty of appellee to its invitees, such as Ms. Jenkins, is clearly stated in Restatement of Torts 2d, § 343, as follows:

> A possessor of land is subject to liability for bodily harm caused to business visitors by a natural or artificial condition thereon if, but only if, he (a) knows, or by the exercise of reasonable care could discover, the condition which, if known to him, he should realize as involving an unreasonable risk to them, and (b) has no reason to believe that they will discover the condition or realize the risk involved therein, and (c) invites or permits them to remain upon the land without exercising reasonable care
>
>> (i) to make the condition reasonably safe, or
>>
>> (ii) to give a warning adequate to enable them to avoid the harm.

*Jenkins* at 487. In that case, we determined that not only did appellant fail to show that the condition she alleged to have caused her fall constituted a "danger" or that it presented an "unreasonable risk" to invitees, there was nothing before the trial court to indicate that appellee had any knowledge whatever that the ramp was dangerous or involved an "unreasonable risk" to its invitees.

Similarly, in this instance, the appellant has failed to show that appellees were indeed negligent in the construction or painting of the ramp. There was no showing during the plaintiff's case-in-chief that the ramp constituted a "danger" or that it presented an "unreasonable risk" to invitees, nor was there a showing to indicate that appellees had any knowledge that the ramp was dangerous or involved an "unreasonable risk" to its invitees.

■ In sum, there was no evidence presented that either water, leaves, paint, or a defective condition of the ramp caused appellant's fall. We have long held that substantial evidence is not present where a factfinder is merely given a choice of possibilities which require the jury to conjecture or guess as to a cause. *Arkansas Kraft* at 471. Moreover, appellant is not sure why he fell. In fact, appellant could not even testify that his fall resulted from having slipped.

■ After hearing arguments of counsel, the trial court recessed to consider the evidence and legal authority presented. After this undertaking, the trial court stated:

> Well, I hate to take a case away from the jury, but in reviewing the evidence presented in plaintiff's case, the court is going to grant the motions of defendants for directed verdict. And for the record, I'm going to say that the testimony and evidence presented by the plaintiff indicates *the plaintiff cannot say that he slipped at all, and* particularly, *if he did slip, what he slipped on. There is no evidence that he slipped because the ramp was improperly designed or that it was too steep.* There's no evidence *that he slipped on or because of any paint* that was on the ramp. There's no evidence that he slipped because of *water, debris or leaves or whatever* else — cigarette butts or whatever else. I just find there's no substantial evidence of negligence on the part of any of the defendants so I'm going to grant the directed verdicts.

Viewing the evidence in the light most favorable to the appellant, we hold the trial court was correct in directing a verdict in favor of the appellees.

Affirmed.