_____

No. 96-1036
_____

George Fought; Glenda Fought,    *
                           *
        Appellants,      *
                           *
    v.                  *  Appeal from the United States
                           *  District Court for the Eastern
Hayes Wheels International,  *  District of Arkansas.
Inc.; Kumho U.S.A., Inc.;  *
                           *
        Defendants,      *
                           *
General Motors Corporation;  *
                           *
        Appellees,       *
                           *
Kumho & Company, Inc.,     *
                           *
        Defendants.      *


_____

Submitted:  September 13, 1996

Filed:  December 5, 1996
_____

Before WOLLMAN, ROSS and HANSEN, Circuit Judges.

_____

ROSS, Circuit Judge.


Appellants George and Glenda Fought appeal from the district court's order granting judgment as a matter of law in favor of General Motors Corporation on the Foughts' personal injury claims based on negligence and strict liability.  We affirm.

Appellant George Fought purchased a 1969 Ford pick-up truck approximately three months before his September 23, 1992 accident. Fought also purchased used wheels at a local auction and used tires at a local electric co-op, which he intended to have installed on

the truck. The used tires were later shown to have been manufactured by Kumho U.S.A., Inc., and the used wheels were manufactured in 1974 by Hayes Wheels International, Inc., for use on a General Motors vehicle.

On the day of the accident, Fought brought the wheels and the tires to Lanard Walker's service station in Moro, Arkansas, and asked the attendant to mount the tires onto the wheels. The attendant attempted to mount one of the tires without success because the tire would not seal properly. The attendant put the partially sealed tire and wheel aside to help other customers. As Fought began to attempt to fill the tire with air, himself, the tire exploded, severely injuring him. It was later determined that the explosion resulted because Fought had attempted to mount a 16-inch tire onto a 16.5-inch wheel.

The Foughts subsequently filed suit against Hayes Wheels, Kumho and General Motors and eventually settled with Hayes Wheels and Kumho prior to trial. At the close of the plaintiff's case-in-chief, the district court entered judgment as a matter of law in favor of General Motors on the Foughts' claims of negligence and strict liability and dismissed the case.

We review the grant of a motion for judgment as a matter of law de novo and apply the same standard used by the district court. Judgment as a matter of law may be granted when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party." Fed. R. Civ. P. 50(a)(1). We will affirm a judgment as a matter of law where, viewing the evidence in the light most favorable to the nonmoving party, "the evidence is such that, without weighing the credibility of the witnesses, there can be but one reasonable conclusion as to the verdict." Sip-Top, Inc. v. Ekco Group, Inc., 86 F.3d 827, 830 (8th Cir. 1996) (citations omitted). Although we must accord the Foughts the benefit of all reasonable inferences,

-2-

we may not give them "the benefit of unreasonable inferences." Id.
A reasonable inference is one "which may be drawn from the evidence
without resort to speculation.  When the record contains no proof
beyond speculation to support the verdict, judgment as a matter of
law is appropriate."  Id. (citations omitted).

The Foughts first argue that General Motors was negligent in
failing to warn about the dangers of mounting a 16-inch tire on a
16.5-inch wheel.  To establish a prima facie case of negligence,
the Foughts were required to show that they sustained damages, that
the defendants were negligent, and that such negligence was a
proximate cause of the damages.  Morehart v. Dillard Dep't Stores,
908 S.W.2d 331, 333-34 (Ark. 1995).  "While a party may establish
negligence by direct or circumstantial evidence, he cannot rely
upon inferences based on conjecture or speculation."  Id. at 334.
"[I]n liability based on negligence, whether one knew or should
have known of a potential danger is a necessary constituent of
fault."  Schichtl v. Slack, 737 S.W.2d 628, 630 (Ark. 1987).

The Foughts failed to offer any evidence that General Motors
had notice of the problem of mismatching wheels and tires at the
time this wheel was manufactured.  In fact, the Foughts' own
witness, Douglas MacIntyre, an employee of Hayes Wheels, testified
that even Hayes Wheels, the manufacturer of the wheel, did not
receive notice of the seriousness of the problem until 1976, two
years after this particular wheel was manufactured.  The undisputed
evidence also shows that the 16.5-inch wheel was used by numerous
truck and car manufacturers in the 1970s and the accident would
have occurred whether Fought had used a 16.5-inch wheel
manufactured for any of the other vehicle manufacturers.  Further,
although there was evidence the explosion of the tire caused Mr.
Fought's injuries, there was no evidence from which it could be
fairly inferred that any action by General Motors was the proximate
cause of the exploding tire and Mr. Fought's resulting injuries.
We agree with the district court that there is no evidentiary basis

-3-

upon which the jury could have found General Motors was negligent.

The Foughts also argue the evidence was sufficient to withstand a judgment as a matter of law on the issue of General Motors' strict liability. Under Arkansas law:

> (a) A supplier of a product is subject to liability in damages for harm to a person or to property if:
>
>> (1) The supplier is engaged in the business of manufacturing, assembling, selling, leasing, or otherwise distributing the product;
>> (2) The product was supplied by him in a defective condition which rendered it unreasonably dangerous; and
>> (3) The defective condition was a proximate cause of the harm to person or to property.

Ark. Code Ann. § 4-86-102. The Foughts offered no evidence to show the wheel involved in this case was supplied by General Motors. Although the evidence shows that General Motors ordered 16.5 inch wheels from Hayes Wheels at various times in the 1970s for use on General Motors' light trucks, it is undisputed that General Motors was not the original designer of the 16.5-inch wheel, but that the wheel was originally designed by Firestone in 1961. Moreover, in 1974, when this wheel was manufactured by Hayes Wheels, virtually every motor vehicle manufacturer was using the 16.5-inch wheel on various vehicles. Further, many of the wheels were sold to after-market suppliers and distributors directly from Hayes Wheels. There is no evidence to show whether the wheel involved in the accident was supplied by General Motors or by an after-market retailer. The Foughts simply offered no proof that the particular wheel in this case was supplied by General Motors.

In summary, we conclude that the district court did not err in granting judgment as a matter of law in favor of General Motors. Accordingly, the judgment of the district court is affirmed.

-4-

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.