Honore NEWBERG *v*. NEXT LEVEL EVENTS, INC.

CA 02-997                                           110 S.W.3d 332

Court of Appeals of Arkansas
Division III
Opinion delivered April 30, 2003

*Howell, Trice, Hope & Files, P.A.*, by: *Jason D. Files*, for appellant.

*Barber, McCaskill, Jones & Hale. P.A.*, by: *R. Kenny McCulloch*, for appellee.

JOHN F. STROUD, JR., Chief Judge. Appellant, Honore Newberg, slipped and fell while attending a wedding reception at appellee's facility on April 29, 2000, and she sustained injuries as a result of this fall. Newberg filed suit against appellee, Next Level Events, Inc., alleging that her injuries were a result of appellee's negligence. Appellee filed a motion for summary judgment, which was granted by the trial court. Appellant now appeals, arguing that the trial court erred in granting appellee's motion for summary judgment. We agree with appellant that summary judgment was inappropriate; therefore, we reverse the grant of summary judgment and remand the case for trial.

The standard of review utilized in determining whether a motion for summary judgment was properly granted was set forth by this court in *Little Rock Electrical Contractors, Inc. v. Entergy Corp.*, 79 Ark. App. 337, 341-42, 87 S.W.3d 842, 845 (2002):

> We no longer refer to summary judgment as a drastic remedy and now regard it as one of the tools in a trial court's efficiency arsenal. We will only approve the granting of summary judgment when the state of the evidence as portrayed by the pleadings, affidavits, discovery responses, and admissions on file is such that the nonmoving party is not entitled to its day in court because there are not any genuine issues of material facts remaining. All proof submitted must be viewed in the light most favorable to the nonmoving party, and any doubts must be resolved against the moving party. However, it is well settled that once the moving party has established a prima facie entitlement to summary judgment, the burden shifts to the nonmoving party to meet proof with proof and demonstrate the existence of material fact. If there is evidence from which an inconsistent hypothesis might be drawn and reasonable minds might differ, then summary judgment is not proper.

(Citations omitted.)

In its motion for summary judgment, appellee makes the following statements: "That plaintiff was deposed on August 7, 2001

at the office of her counsel where she was unable to state any facts sufficient to find liability on part of Defendant. That specifically, plaintiff stated that no foreign substance was observed on the floor where she fell. Also, she stated that she had no knowledge that Defendant was aware of any substance or had put any substance in that place." This motion was made prior to any discovery being made on appellant's behalf.

After discovery, appellant rebutted appellee's motion for summary judgment with the affidavit of another guest at the wedding reception, Charles Williamson, who stated that he had slipped on the same step; that the step was slick; and that he had commented to another guest that he believed that the situation was dangerous. Appellant also relied upon the deposition of Steve Shadid, the owner of appellee. In his deposition, Shadid stated that appellee used a standard Johnson & Johnson wax on the floor, that it was applied by mop, and that it did not require buffing. He said that the area where appellant fell was waxed that day and would have taken about twenty minutes to dry; that he did not slip on the step after the floor had been waxed that day; and that no one had reported any problem to him about the slipperiness of the step. Shadid said that in applying the wax, the floor is mopped and the wax is left on the floor. He said that the floor is stripped approximately every three and one-half months, but there is no set schedule; it is stripped on an as-needed basis and when the facility's schedule will allow it. Shadid did not know when the floor was last stripped, but speculated that it had probably been stripped in January or February. Appellant also presented the affidavit of her attorney, who had an opportunity to examine a label from the wax product at appellee's attorney's office. The label could not be reproduced because it was printed on clear plastic. In this affidavit, appellant's attorney stated that the product was marketed under the name "Floor Science Premium Universal Sealer/Finish," and that the label contained the following instructions: "Before recoating: dust mop or sweep, deep scrub floor using Floor Science cleaner, rinse floor before applying finish. Removal: remove using Floor Science stripper coded #1 red." Appellant argued that appellee failed to properly clean the floor prior to applying the wax.

At the hearing on the motion for summary judgment, appellee's attorney also argued that appellant admitted in her deposition that she had consumed an alcoholic beverage prior to her fall; appellant's attorney contended that there was no indication of intoxication. Appellant's attorney argued that appellee did not comply with the directions on the liquid-wax label. Appellee's attorney countered that the precautions on the label that could lead to product failure or slippery conditions, namely using the product on floors coated with paste wax that had not been removed, diluting the product, using the product on cold floors, or reusing previously used product, had all been met by appellee. Appellant's attorney stated that there was no direct proof that failure to follow the directions caused excess slipperiness, but there was evidence that appellee did not follow the directions and did not strip the floor on a regular basis.

In granting appellee's motion for summary judgment, the trial judge stated:

> I am going to grant your motion for summary judgement. . . . I don't see proximate cause. I don't think there is a nexus that's been established at this state, proof meeting proof, that the actual slippery floor, failure to follow those conditions caused the floor to be slippery. I think that there is some evidence that there was floor being slippery [sic] by the fact that [appellant] testified to that and also [appellant's] witness. . . . I think [appellant's attorney] has proved that the Plaintiff [sic] was negligent. But I think the problem that I have that there is no proximate cause between the negligence and the damages. There is nothing that I see that would suggest that the negligent actions of the Defendant actually caused the floor to be slippery. There is circumstantial evidence that she fell, but I think that the cases are pretty strict in saying that the fact that the floor is slippery is not enough, and the fact that she fell is not enough of a nexus between the two.

In *Capel v. Allstate Insurance Co.*, 78 Ark. App. 27, 42, 77 S.W.3d 533, 543 (2002), we held:

> To demonstrate a prima facie cause of action in tort, a plaintiff must establish that damages were sustained, that the defendant was negligent, and that the defendant's negligence was the proximate cause of the damages sustained. Proximate cause is "a cause which, in a natural and continued sequence, produces damage, and without

which the damage would not have occurred." Proximate cause is typically a fact question; however, when the evidence opposing the motion for summary judgment is insufficient to raise a question of fact, summary judgment is appropriate. Proximate cause may be shown by direct or circumstantial evidence if the facts proved are of such a nature and are so connected and related to each other that the conclusion may be inferred.

(Citations omitted.)

■ ■ Mere proof that a floor is slippery will not defeat summary judgment; there must be proof of a substance on the floor such as water, grease, or wax. *Kelley v. National Union Fire Ins. Co.*, 327 Ark. 329, 937 S.W.2d 660 (1997). In *National Credit Corp. v. Ritchey*, 252 Ark. 106, 110, 477 S.W.2d 488, 491 (1972), our supreme court quoted, with approval, the following language from *Nicola v. Pacific Gas & Electric Co.*, 50 Cal. App.2d 612, 123 P.2d 529 (1942):

> If wax, or as in the present case, both wax and soft soap, are applied to the floor, it must be in such manner as to afford reasonably safe conditions for the proprietor's invitees, and if such compounds cannot be used on a particular type of floor material without violation of the duty to exercise ordinary care for the safety of invitees, by reason of the dangerous conditions they create, they should not be used at all. Of course slipperiness is an elastic term. From the fact that a floor is slippery it does not necessarily result that it is dangerous to walk upon. It is the degree of slipperiness that determines whether the condition is reasonably safe. This is a question of fact.

Although the facts in *Richey* arose in the context of the denial of a directed-verdict motion at a jury trial, we find that the supreme court's analysis is pertinent to our decision as to whether or not summary judgment was properly granted in that it held that in determining whether a condition is reasonably safe, the degree of slipperiness is a question of fact. If that question is sufficient to withstand a motion for directed verdict, surely it presents a question of fact sufficient to allow appellant to have the opportunity to present her case in court.

■ The supreme court upheld the reasoning set forth in *Richey, supra,* in *Thompson v. American Drug Stores,* 326 Ark. 536, 539, 932 S.W.2d 333, 335 (1996):

> In slip-and-fall cases involving a foreign substance on the floor, the plaintiff must prove either that the presence of the substance upon the floor was the result of the defendant's negligence, or, that the substance had been on the floor for such a length of time that the defendant's employees knew or reasonably should have known of its presence and failed to use ordinary care to remove it. *Wal-Mart Stores, Inc. v. Kelton,* 305 Ark. 173, 806 S.W.2d 373 (1991). A plaintiff may also allege that a defendant has been negligent in cleaning or waxing a floor. In *National Credit Corp. v. Ritchey,* 252 Ark. 106, 477 S.W.2d 488 (1972), we quoted, with approval, . . . language from *Nicola v. Pacific Gas & Electric Co.,* 50 Cal. App.2d 612, 123 P.2d 529 (1942):
>
> . . .

We also impliedly recognized such a theory of recovery in *J.M. Mulligan's Grille, Inc. v. Aultman,* 300 Ark. 544, 780 S.W.2d 554 (1989), but said that the plaintiff did not prove her case.

■ In the present case, appellee admitted that the floor had been waxed on the day of the event; therefore, there was no question that a substance, wax in this case, was present on the floor. Although appellee puts forth appellant's admission in her deposition that she had consumed some alcohol prior to her fall, appellant also places into question whether appellee's failure to follow the instructions for applying the wax caused the floor to become slippery, causing her to fall. We hold that summary judgment was inappropriate under the facts presented because there is a question of fact as to whether the wax or the manner in which it was applied was the proximate cause of appellant's fall.

Reversed and remanded.

ROBBINS and CRABTREE, JJ., agree.