# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1041

_____

| | | |
|---|---|---|
| Patricia Smith, | * | |
| | * | |
| Plaintiff-Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western District |
| | * | of Arkansas |
| Basin Park Hotel, Inc., An Arkansas | * | |
| Corporation | * | |
| | * | |
| Defendant-Appellee. | * | |

_____

Submitted: September 12, 2003
Filed: November 28, 2003

_____

Before MORRIS SHEPPARD ARNOLD, BOWMAN, and MELLOY, Circuit
Judges.

_____

MELLOY, Circuit Judge.

Patricia Smith appeals the district court's adverse grant of summary judgment
in this diversity tort action arising out of a slip-and-fall case at the Basin Park Hotel
in Arkansas.  We reverse.

## I. Background

On May 29, 1999, Patricia Smith ("Smith") and her husband checked into the Basin Park Hotel in Eureka Springs, Arkansas, to attend a family wedding. On the morning of May 31, 1999, Smith left her room and took the stairs down to the lobby. As she descended the last flight of steps into the lobby, Smith slipped and fell onto her back. Smith filed suit against Basin Park Hotel, Inc. ("Hotel") for injuries she sustained on the hotel staircase, alleging that the Hotel's negligence regarding the safety and maintenance of the staircase proximately caused her fall and resulting injuries.

During Smith's deposition, she stated that she was not completely sure what had caused her fall, but believed it might have been related to the slickness of the carpet on the stairway, the narrowness of the stairs, and the low light in the area. Smith also complained that there had been no handrail on the right side of the stairway for her to grab as she fell. However, during her deposition, Smith indicated that her fall had not been caused by a missed step.

An expert witness for Smith, an architect by profession, examined the stairway in question, submitted his findings in a report, and was later deposed. The expert witness reported that the Hotel's stairway failed to comply with several applicable building and safety codes. He noted a variance in the height of the risers between the top step and the second step, exceeding that which is permitted by the building code, and opined that it created a safety hazard because a person's mind anticipates the difference in height between the risers to be uniform. The expert witness noted there was only one handrail along the stairway in violation of the building code which requires two, the lighting in the area was below standard, and the color and pattern of the carpet was confusing and made it difficult to discern the depth of the risers on the descent. He concluded that Smith's fall could have been prevented if the Hotel had followed the design standards of the industry.

Following the Hotel's motion for summary judgment, Smith submitted an affidavit indicating that, during her deposition, she had not been feeling well and had found the repeated questions about what caused her fall to be confusing. Smith stated that, after being deposed, she had an opportunity to review a statement made by a man who had come to her aid on the stairs immediately after her fall. Smith found that this statement helped her recall that, moments after her fall, she reported that she had mis-stepped on the second step of the stairway. Re-affirming this prior belief, Smith stated in her affidavit that, at the time of her deposition, she was unaware that her expert had testified regarding "an excessive variance in the height between the first and second steps of the stairway." Despite Smith's earlier testimony from her deposition, as an affiant she concluded that her fall was caused when she missed the second step down from the top of the staircase.

The district court was suspicious of Smith's contradictory testimony and the changes in her recollection. The court cited an Eighth Circuit case that held an affidavit which is inherently and blatantly inconsistent with prior deposition testimony may not be used to establish a question of fact in order to ward off a properly pled motion for summary judgment. Camfield Tires, Inc. v. Michelin Tire Corp., 719 F.2d 1361, 1365-66 (8th Cir. 1983). Rather than dismiss Smith's affidavit entirely, the district court found that it was obliged to view the affidavit along with Smith's earlier testimony in the light most favorable to her. Nevertheless, the district court subsequently found that Smith still had not presented a sufficient amount of evidence to show that the Hotel stairway presented an unreasonable risk of harm, or that it was the proximate cause of her fall. In particular, the district court found that it would be improper to let this matter proceed to trial because it would require a jury to speculate as to the proximate cause of Smith's fall.

On appeal, Smith argues that there is sufficient evidence of negligence to raise genuine issues of material fact regarding the Hotel's building code violations, the safety of its stairway, and whether these hazards proximately caused her fall and

-3-

resulting injuries.  We find that Smith's original statement as to why she fell, along with her deposition, affidavit, and the testimony of her expert witness, creates a genuine issue of material fact for a jury to decide whether the Hotel was negligent in performing its duty to Smith as an invitee, and whether this alleged breach was the proximate cause of her injuries.

## II. Analysis

As an initial matter, we share the district court's concern about the questionable timing and contrary information in Smith's testimony.  We also acknowledge that the information presented before the district court relating to the individual whose statement allegedly helped Smith remember that she had missed a step was vague at best.[1]  However, it is clear to us that Smith's contemporaneous statement exists, along with the testimony in her deposition, and should not be discounted as irrelevant.  In a similar slip-and-fall case on a stairway, the Supreme Court of Arkansas held that a discrepancy in the plaintiff's testimony as to the cause of her fall should be a factor for a jury to consider in deciding her credibility, and not for the court to decide as a matter of law.  Fidelity-Phenix Ins. Co. v. Lynch, 455 S.W.2d 79, 82 (Ark. 1970).  In this case, we believe that a jury should have the opportunity to take all of Smith's testimony into consideration in determining her credibility.

Turning to the district court's grant of summary judgment, we review de novo and apply the same standard as the district court, viewing the evidence in the light most favorable to the non-moving party.  Calder v. TCI Cablevision of Missouri, Inc., 298 F.3d 723, 728 (8th Cir. 2002); See Fed. R. Civ. P. 56(c).  If there is sufficient evidence to demonstrate that a genuine issue of material fact exists, then the moving

---

[1]This individual was later identified in Smith's Opening Brief as Lester McCright, a Hotel employee who responded to Smith on the stairs immediately after her fall.

party is entitled to judgment as a matter of law. <u>Calder</u>, 298 F.3d at 728. Summary judgment is to be granted only where the evidence is such that no reasonable jury could return a verdict for the non-moving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). Additionally, the non-moving party "must make a sufficient showing on 'every essential element of [its] case for which [it has] the burden of proof at trial.'" <u>Wilson v. Southwestern Bell Tel. Co.</u>, 55 F.3d 399, 405 (8th Cir. 1995) (quoting <u>Reich v. ConAgra, Inc.</u>, 987 F.2d 1357, 1359 (8th Cir. 1993)).

To establish a prima facie case for negligence, Smith must show that she sustained injuries, that the Hotel breached a duty owed to Smith, and that this breach was the proximate cause of her injuries. <u>See</u> <u>Morehart v. Dillard Dep't Stores</u>, 908 S.W.2d 331, 333-34 (Ark. 1995). The mere fact that a person slips and falls does not give rise to an inference of negligence. <u>CongAra , Inc. v. Strother</u>,13 S.W.3d 150, 153 (Ark. 2000).

It is undisputed that throughout her stay at the Hotel, Smith was an invitee on the Hotel's premises. Under Arkansas tort law, a property owner has a duty to exercise ordinary care to maintain the premises in a reasonably safe condition for the benefit of its invitees. <u>Id.</u> at 153; <u>Kelley v. Nat'l Union Fire Ins. Co.</u>, 937 S.W.2d 660, 663 (Ark. 1997); <u>Morehart</u>, 908 S.W.2d at 333. The duty of care that the Hotel owes to its invitees is found in Restatement (Second) of Torts § 343 (1965):

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger.

See Van DeVeer v. RTJ, Inc., 101 S.W.3d 881, 883-84 (Ark. Ct. App. 2003) (adopting the Restatement's articulation of the duty a landowner owes to an invitee). The basis for the owner's liability under this rule is the "superior knowledge of an unreasonable risk of harm of which the invitee, in the exercise of ordinary care, does not or should not know." Jenkins v. Hestand's Grocery, Inc., 898 S.W.2d 30, 31 (Ark. 1995).

An exception to this general rule of duty of care is found in Restatement (Second) of Torts § 343A(1) (1965) which states that a "possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness."

Based on section 343A(1), a landowner has no liability to his invitees when the allegedly dangerous condition is open and obvious. See Jenkins, 898 S.W.2d at 31(recognizing the Restatement's exception to the duty a landowner owes an invitee as articulated in section 343). In this case, Smith testified that she had voluntarily used the stairs in the Hotel on a least one occasion, and Smith's own expert witness conceded that the dim lighting, the presence of a handrail on only one side of the stairway, and the confusing pattern and coloring of the carpet was noticeable to any person using the stairs. However, he also testified that the difference in riser height between the first and second steps might not be readily noticed by someone using the stairs, and explained "the mind anticipates that they are all going to be the same....[a]nd if there is any change, it's a surprise."

In this case, when the expert's testimony and Smith's own testimony are viewed in the light most favorable to Smith, we cannot say that the variance in height between the risers was "known or obvious" and that Smith had notice of this condition. Section 343A of the Restatement, which addresses known or obvious dangers, defines "known" as "not only knowledge of the existence of the condition...but also appreciation of the danger it involves." Restatement (Second) of Torts §343A cmt.

1(b). In Van DeVeer, the court found that although the plaintiff was aware that the stairs had no handrail, there was no evidence that he had knowledge of the immediate drop-off at the top of the greenhouse which caused him to fall. Van DeVeer, 101 S.W.3d at 884. The court reasoned that because the plaintiff did not have knowledge of the immediate drop-off, he could not have appreciated the risk he was taking by using the stairs, and therefore as a matter of law did not have "knowledge" of the dangerous condition associated with the stairs. Id. at 884-85. Section 343A also defines a dangerous condition as "obvious" where "both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment." Restatement (Second) of Torts §343A cmt. 1(b). Therefore, in light of the evidence before us, there is a genuine issue of material fact as to whether variance in height between the risers was open and obvious to Smith.

The Hotel argues that Smith's evidence fails to demonstrate that her fall was proximately caused by the Hotel's building code and safety violations regarding the stairway. Under Arkansas law, "proximate cause is 'a cause which, in a natural and continued sequence, produces damage, and without which the damage would not have occurred.'" Newberg v. Next Level Events, Inc., 110 S.W.3d 332, 334 (Ark. Ct. App. 2003) (quoting Capel v. Allstate Insurance Co., 77 S.W.3d 533, 543 (Ark. Ct. App. 2002)). The Arkansas courts, in addition to the district court in this case, have found that "possible causes of a fall, as opposed to probable causes, do not constitute substantial evidence of negligence." Kopriva v. Burnett-Croom-Lincoln-Paden, LLC., 15 S.W.3d 361, 363 (Ark. Ct. App. 2000). Additionally, while a plaintiff may establish negligence by direct or circumstantial evidence, a plaintiff may not rely upon inferences based on conjecture or speculation. Morehart, 908 S.W.2d at 334. Thus, due to Smith's uncertainty during her deposition as to what caused her to fall, and the varying testimony in her affidavit, the Hotel argues that it would be improper to let this matter proceed to trial because it would require a jury to speculate as to the proximate cause of Smith's fall.

We agree with Smith that there is sufficient evidence to raise an issue of material fact as to whether her fall was caused either by the unexpected height difference between the first and second steps on the staircase, or alternatively caused by a this height variation compounded by the other building code and safety violations on the stairway. Furthermore, we agree that Smith's evidence does not require impermissible speculation. In Fidelity-Phenix, the Supreme Court of Arkansas reversed a directed verdict motion on proximate cause, and held that the plaintiff could show causation of her fall down a flight of stairs if her evidence afforded a reasonable basis for the conclusion that it was more likely than not that the landowner's failure to install a platform next to the stairs was a substantial factor in causing the fall. Fidelity-Phenix, 455 S.W.2d at 82. Similarly, Smith's testimony and the testimony of her expert witness afford a reasonable basis for a jury to conclude that it was more likely than not that some combination of the building code and safety violations on the stairs was a substantial factor in causing her fall.

This case can also be distinguished from Morehart, cited by the district court and the Hotel, in which the Supreme Court of Arkansas granted a motion for directed verdict because the plaintiff's evidence did not indicate that he slipped at all, and even if he did, there was no evidence that his fall was caused by the design or steepness of the ramp on which he fell. Morehart, 908 S.W.2d at 334. Unlike Morehart, the evidence before us indicates that Smith did slip on the stairs, and that the Hotel was in violation of several building and safety codes relating to the stairs. The statement allegedly made by Smith immediately following her fall references a missed-step as the cause of her fall. Although the testimony in her deposition speaks to the contrary, in viewing the evidence in its totality and in the light most favorable to Smith, there is enough evidence to create a genuine issue of material fact that the proximate cause of Smith's fall was related to the Hotel's failure to meet the duty it owed her as an invitee.

Accordingly, we reverse the district court's grant of summary judgment in favor of the Hotel.

_____

-8-