2013 Ark. App. 28

**Kathy J. BUCKALEW, Appellant**

v.

**ARVEST TRUST COMPANY, N.A., Appellee.**

**No. CA 12–429.**

Court of Appeals of Arkansas.

Jan. 23, 2013.

Rehearing Denied Feb. 27, 2013.

Monty V. Baugh, PLC, by: Monty Vaughan Baugh, for appellant.

Watkins, Boyer, Gray & Noblin, PLLC, Rogers, by: Bill Watkins and Jennifer E. Gray, for appellee.

ROBIN F. WYNNE, Judge.

Appellant Kathy Buckalew is the sole life beneficiary of a trust established by her mother, fern Stafford. After her mother's death, Buckalew filed a petition seeking to terminate the trust. Appellee Arvest Trust Company became the successor trustee upon the settlor's death and opposed the termination. At trial, the Benton County Circuit Court granted Arvest's motion for directed verdict. In this appeal, Buckalew argues that the circuit court misapplied the governing statutory provisions, erred in finding that there was no evidence of a change in circumstances between the establishment of the trust and the settlor's death, erred in finding that Buckalew failed to rebut a statutory presumption, and erred in refusing to consent to the termination of the trust. We affirm the circuit court.

Following the death of Buckalew's father in 1997, her mother established the Fern I. Stafford Trust (the Fern Trust) with Buckalew as the sole life beneficiary. The dispositive provisions of the original trust instrument provided that, upon Stafford's death, the assets of the trust would be transferred to Buckalew (then known as Kathy Anderson) as trustee of the Kathy Anderson Trust (Anderson Trust). Bucka-

lew, as trustee, was authorized to distribute any or all of the principal or income for her own health, education, maintenance, and support. Buckalew, as beneficiary, could withdraw any or all of the assets held in trust at any time. Any assets remaining in trust at the time of Buckalew's death were to pass into her estate.

In September 1999, Stafford amended and restated the Fern Trust. In its dispositive provisions, the amended trust instrument specified that, upon Stafford's death, the Fern Trust would terminate and its assets would be conveyed to Arvest as trustee of the Anderson Trust. The amended trust instrument created the Anderson Trust for the primary purpose of providing for Buckalew's care, comfort, support, welfare, and benefit. The dispositive provisions of the Anderson Trust were that Buckalew was not to receive a distribution from the trust principal or income until the year in which she attained the age of sixty unless she developed a serious medical hardship or disability. Beginning in the year in which she turned sixty,[1] Buckalew was to receive a distribution equal to her average earned income for the three years prior to her sixtieth birthday. This distribution was to be not less than $50,000 per year, nor greater than $75,000 per year, calculated in 1999 dollars and adjusted for inflation. Upon Buckalew's death, the remainder was to be paid to the heirs of Nadine Cox.[2] The Anderson Trust contained a spendthrift provision, which prohibited Buckalew from receiving any distributions other than the annual payments mentioned above.

After Stafford's death in September 2010, Buckalew and the contingent beneficiaries of the Fern Trust entered into a family settlement agreement to terminate the Fern Trust and distribute the assets to the Kathy Buckalew Revocable Trust (Buckalew Trust), which was created by the agreement. The agreement gave Buckalew discretion to receive income from the Buckalew Trust and to invade the corpus.

In May 2011, Buckalew filed a petition to terminate the Fern Trust. She sought a declaratory judgment terminating the trust pursuant to Arkansas Code Annotated section 28–69–401(a) (Repl.2012). Arvest answered and opposed the termination or modification. Citing Arkansas Code Annotated section 28–73–411(c) (Repl.2012), Arvest contended that a spendthrift provision was a material purpose of the trust that would be defeated if the trust were terminated.

Buckalew moved for partial summary judgment. In her motion and accompanying brief, she argued that section 28–69–401 provided a separate procedure for modification or termination of a trust, making section 28–73–411 inapplicable. In response, Arvest argued that a trust containing a spendthrift provision could not be terminated by the consent of the beneficiaries. Arvest further argued that there were no unforeseen circumstances that would warrant modification or termination of the trust, regardless of whether section 28–73–411 or section 28–69–401 applied. The circuit court denied the motion from the bench.

The matter proceeded to trial. At the close of Buckalew's case, Arvest moved for a directed verdict, and the circuit court granted the motion. In its judgment, the circuit court found that Buckalew presented no evidence of any change of circumstance not foreseen by the settlor and that she failed to prove that continuance of

---

1. Buckalew was born in 1953.

2. Nadine Cox is Buckalew's aunt, the sister of Buckalew's late father.

the Fern Trust was not necessary. The court allowed Delta Trust & Bank to replace Arvest as trustee when all the parties agreed that the issue of terminating the Fern Trust would not be relitigated. This timely appeal followed.

For reversal, Buckalew argues that the circuit court erred by (1) applying section 28–73–411 to her petition seeking termination or modification of the Fern Trust, (2) finding that there was no evidence of a change in circumstances between the September 1999 amendment of the Fern Trust and Stafford's death in September 2010; (3) finding that Buckalew presented no evidence to rebut the presumption that the spendthrift provision was a material purpose of the trust, and (4) refusing to consent to the termination of the trust.

■■■ In determining whether a directed verdict should have been granted, we review the evidence in the light most favorable to the party against whom the verdict is sought and give it its highest probative value, taking into account all reasonable inferences deducible from it. *Woodall v. Chuck Dory Auto Sales, Inc.,* 347 Ark. 260, 264, 61 S.W.3d 835, 838 (2001) (citing *Morehart v. Dillard Dep't Stores,* 322 Ark. 290, 292, 908 S.W.2d 331, 333 (1995)). A motion for directed verdict should be granted only if there is no substantial evidence to support a jury verdict. *Id.* Where the evidence is such that fairminded persons might reach different conclusions, then a jury question is presented, and the directed verdict should be reversed. *Id.* A trial court's duty is to review a motion for directed verdict or dismissal at the conclusion of a plaintiff's case by deciding whether, if it were a jury trial, the evidence would be sufficient to present to the jury. *Id.* In making that determination, the trial court does not exercise factfinding powers that involve determining questions of credibility. *Id.*

■■■ Buckalew contends that Arkansas Code Annotated section 28–69–401 applies. That section, in pertinent part, provides as follows.

(a) By written consent of the settlor and all named beneficiaries of a trust or any part thereof, regardless of any spendthrift or similar protective provisions, the trust or part thereof may be revoked, modified, or terminated upon a finding by the court having jurisdiction over the trust, or otherwise being of competent jurisdiction, that the trust's purposes, as expressed in or implied by the circumstances surrounding the trust, as a result of circumstances not foreseen to the settlor are not effectively being fulfilled or are frustrated.

. . . .

(c)(1) For purposes of this section, consent may be given on behalf of the estate of a deceased settlor by the court on a finding that there is general family benefit to the living named beneficiaries and their families.

Ark.Code Ann. § 28–69–401(a), (c)(1). Arvest, on the other hand, asserts that this matter is governed by Arkansas Code Annotated section 28–73–411, which provides in material part as follows.

(a)(1) A noncharitable irrevocable trust may be modified or terminated upon consent of the settlor and all beneficiaries, even if the modification or termination is inconsistent with a material purpose of the trust.

. . . .

(c) A spendthrift provision in the terms of the trust is presumed to constitute a material purpose of the trust.

Ark.Code Ann. § 28–73–411(a)(1), (c). According to Buckalew, the circuit court erred by applying both provisions because the procedure set out in section 28–69–401

is separate and distinct from the procedure set out in section 28–73–411.

Buckalew argues that the circuit court erred by grafting the provisions of section 28–73–411 onto section 28–69–401. We disagree because it is clear from the circuit court's order that it made a determination that Buckalew failed to meet her burden of proof under either statutory procedure. Neither section 28–69–401, nor section 28–73–411 purports to be the exclusive method for termination or modification of a trust. Both procedures allow for termination or modification of a trust if the settlor and all the beneficiaries consent. However, in the present case, the settler is deceased. Section 28–69–401(e)(1) provides that the court may consent on behalf of a deceased settler if the court finds that there is a general family benefit to the living beneficiaries.[3] Buckalew's argument minimizes or ignores this provision and focuses on the fact that all the beneficiaries have consented. Their consent alone is not sufficient because, under section 28–69–401(c), the circuit court is required to consent on behalf of a deceased settlor. Even if the trust contains a spendthrift provision, the petitioner must show the occurrence of unforeseen circumstances that frustrate the purpose of the trust in order for the circuit court to decree the termination of a trust. In the present case, the circuit court determined that Buckalew had not presented evidence of such a change of circumstances in denying Buckalew's petition.

We hold that the trial court did not err in determining that Buckalew failed to present substantial evidence of any unforeseen circumstances that would frustrate the purpose of the Fern Trust. According to the 1999 trust instrument, the primary purpose of the trust was to provide for Stafford's care, support, and welfare, while the primary purpose of the Anderson Trust was to provide for Buckalew's care, comfort, support, welfare, and benefit. Buckalew argues that the trust's primary purpose was being frustrated due to the significant overfunding of the trust coupled with an arbitrary limitation on distributions. The further argues that the trust's purpose was frustrated when she had to provide for Stafford's care and treatment, all of which interfered with her employment. This, in turn, limited the amount Buckalew was to receive from the trust.

The only changes of circumstances mentioned by Buckalew were that she did not believe that her mother thought that she would die before Buckalew turned sixty and that her mother's illness prevented her (Buckalew) from working full time, impacting the amount of the distributions she would receive. We cannot say that the timing of Stafford's death constitutes an unforeseen change of circumstances because she knew that she was going to die at some point, and that is why she prepared the trust—to plan for events following her death. Nor can we say that Buckalew's having to care for her mother was an unforeseen event that could disrupt Buckalew's employment. The terms of the trust appear to anticipate a possible disruption to Buckalew's employment by providing a formula to be used in determining the amount of distributions she would receive. The formula, based on a three-year average of Buckalew's income, would take into account and minimize any disruption of her employment. Nor can we say that the funding level of the trust was unforeseen. Although the trust in the present case had grown from approximately

---

**3.** Section 28–73–411(b) allows the termination of a trust upon consent of all the beneficiaries if a court concludes that continuance of the trust is not necessary to achieve any material purpose of the trust.

$720,000 to over $2 million, that increase occurred while the settlor was still alive and able to modify the trust if she felt that it was overfunded. Moreover, the settlor conveyed other assets to the trust, which included a lake house, vehicles, |₈and an IRA. There is nothing in the record to show the value of these other assets.

■ Buckalew's third point asserts that the circuit court erred in determining that she failed to rebut the presumption that the spendthrift provision was a material purpose of the trust. She argues that her mother's purchase of various annuities and life-insurance products naming Buckalew as beneficiary shows an intent that the estate be passed to Buckalew. However, as Buckalew acknowledges, each of those financial instruments was later amended to name the trust as the beneficiary, with Buckalew being a secondary beneficiary. The fact that the 1997 trust was referenced when the changes were made is not as significant as Buckalew asserts. It is the fact that the trust was named as the beneficiary instead of Buckalew, not the particular trust instrument that is important.

■ As part of this point, Buckalew argues that, while a complete termination of the trust may defeat the spendthrift purpose, the court should nevertheless consider a partial termination of the trust. Although her complaint contained a count seeking modification of the trust and she mentioned this in her summary-judgment brief, Buckalew never actually pressed this argument on the circuit court and the circuit court did not rule on whether such a modification would be appropriate. It is an appellant's responsibility to obtain a ruling to preserve an issue for appeal. *Miller v. Ark. Dep't of Fin. & Admin.,* 2012 Ark. 165, 401 S.W.3d 466. The failure to obtain a ruling on an argument precludes appellate review because there is no order of a lower court on the issue for this court to review on appeal. *Id.* (citing *Pro-Comp Mgmt., Inc. v. R.K. Enters., LLC,* 372 Ark. 190, 272 S.W.3d 91 (2008)).

■ Finally, we cannot address Buckalew's fourth point in which she argues that the circuit |₉court erred in refusing to consent to the termination of the trust. The circuit court did not specifically address whether there would be a general family benefit to the living beneficiaries if the trust were terminated. *See* Ark.Code Ann. § 28–69–401(c)(*l*). Because no specific ruling was obtained, we are precluded from addressing this point on appeal. *Miller, supra.*

To the extent that the argument is preserved for our review, it overlaps much of Buckalew's argument under her first point. However, as pointed out under the discussion there, Buckalew focuses on the fact that all the beneficiaries have consented, not the second part of section 28–69–401(a), requiring that the trust's purpose be frustrated by unforeseen circumstances.

Affirmed.

PITTMAN and BROWN, JJ., agree.